■ CERTIFIED ELECTRICAL CONTRACTING CORP., Appellant-Respondent, v CITY OF NEW YORK (DEPARTMENT OF TRANSPORTATION), Respondent-Appellant. [795 NYS2d 325]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 2, 2003, as denied its motion for summary judgment on the issue of liability and, sua sponte, determined that it was barred from pursuing in this action certain claims it had raised in a separate CPLR article 78 proceeding and (2) so much of an order of the same court dated September 18, 2003, as denied that branch of its cross motion, denominated as one for leave to renew and reargue but which, in actuality, was for leave to reargue its prior motion, and the defendant cross-appeals, as limited by its brief, from (1) so much of the order dated January 2, 2003, as denied its cross motion for summary judgment dismissing the complaint and (2) so much of the order dated September 18, 2003, as denied its motion pursuant to CPLR 3211 and CPLR 3126 to dismiss the complaint.

Ordered that the appeal from so much of the order dated January 2, 2003, as, sua sponte, determined that the plaintiff was barred from pursuing in this action certain claims which it had raised in a separate CPLR article 78 proceeding is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice, and leave to appeal has not been granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated January 2, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the appeal from so much of the order dated September 18, 2003, as denied the plaintiff's cross motion, denominated as one for leave to renew and reargue but which, in actuality, was for leave to reargue, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 18, 2003, is modi-

fied, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3126 and substituting therefor a provision granting that branch of the motion to the extent of precluding the plaintiff from presenting any evidence at trial regarding its claim for lost profits and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court erred in denying the plaintiff's motion and the defendant's cross motion for summary judgment as untimely under CPLR 3212 (a) (*see generally Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). While the parties did not move for summary judgment until more than 120 days after the filing of the note of issue, the record demonstrates good cause for the delay. An order of the court stayed the parties from moving for summary judgment pending the completion of disclosure proceedings, and the note of issue itself was conditioned upon the completion of discovery and thus did not indicate a state of trial readiness. Therefore, under the particular circumstances herein, the court should have entertained the motions. However, upon consideration of the merits of the motions, it is clear that questions of fact exist with regard to the parties' performance of their respective obligations under the contract. Accordingly, the denial of the motion and cross motion for summary judgment on the merits is warranted.

The court erred in failing to impose an appropriate sanction upon the plaintiff for its repeated failure to produce, and its ultimate spoliation of, certain financial documents which were to be used in support of its claim for lost profits. In opposition to that branch of the defendant's motion which was to dismiss the complaint due to the spoliation of this evidence, the plaintiff essentially conceded that it had failed to retain the requested documents and that it instead planned to rely on the testimony of its employees to support its claim at the trial. Under these circumstances, the defendant has been left without the evidence essential to its ability to defend against the plaintiff's claim for lost profits (*see Klein v Ford Motor Co.*, 303 AD2d 376 [2003]; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]; *Squitieri v City of New York*, 248 AD2d 201, 202 [1998]; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1997]). Accordingly, the plaintiff is precluded from offering any evidence at trial regarding lost profits.

The parties' remaining contentions are either without merit

or have been rendered academic in view of the foregoing. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.