■ CERTIFIED ELECTRICAL CONTRACTING CORP., Appellant-Respondent, v CITY OF NEW YORK (DEPARTMENT OF TRANSPORTATION), Respondent-Appellant. [804 NYS2d 794]—

Motion by the appellant-respondent, in effect, for leave to reargue appeals from two orders of the Supreme Court, Queens County, dated January 2, 2003, and September 18, 2003, respectively, which were determined by decision and order of this Court dated May 16, 2005 (*Certified Elec. Contr. Corp. v City of New York [Dept. of Transp.]*, 18 AD3d 596 [2005]).

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated May 16, 2005, is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 2, 2003, as denied its motion for summary judgment on the issue of liability and, by permission, from so much of the order as, sua sponte, determined that it was barred from pursuing in this action certain claims it had raised in a separate CPLR article 78 proceeding and (2) so much of an order of the same court dated September 18, 2003, as denied that branch of its cross motion, denominated as one for leave to renew and reargue but which, in actuality, was for leave to reargue its prior motion, and the defendant cross-appeals, as limited by its brief, from (1) so much of the order dated January 2, 2003, as denied its cross motion for summary judgment dismissing the complaint and (2) so much of the order dated September 18, 2003, as denied its motion pursuant to CPLR 3211 and CPLR 3126 to dismiss the complaint.

Ordered that the order dated January 2, 2003, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated September 18, 2003, as denied the plaintiff's cross motion,

denominated as one for leave to renew and reargue but which, in actuality, was for leave to reargue, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 18, 2003, is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3126 and substituting therefor a provision granting that branch of the motion to the extent of precluding the plaintiff from presenting any evidence at trial regarding its claim for lost profits and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court erred in denying the plaintiff's motion and the defendant's cross motion for summary judgment as untimely under CPLR 3212 (a) (*see generally Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725 [2004]; *Brill v City of New York,* 2 NY3d 648 [2004]). While the parties did not move for summary judgment until more than 120 days after the filing of the note of issue, the record demonstrates good cause for the delay. An order of the court stayed the parties from moving for summary judgment pending the completion of disclosure proceedings, and the note of issue itself was conditioned upon the completion of discovery and thus did not indicate a state of trial readiness. Therefore, under the particular circumstances herein, the court should have entertained the motions. However, upon consideration of the merits of the motions, it is clear that questions of fact exist with regard to the parties' performance of their respective obligations under the contract. Accordingly, the denial of the motion and cross motion for summary judgment on the merits is warranted.

The Supreme Court correctly determined, sua sponte, that the plaintiff may not pursue the claims asserted in a subsequent, related CPLR article 78 proceeding in this plenary contract action. Although the plaintiff relies upon a purported stipulation of discontinuance wherein it allegedly agreed to withdraw the CPLR article 78 proceeding and the defendant allegedly agreed to the assertion of the CPLR article 78 claims in this action, the plaintiff never executed that stipulation of discontinuance and never filed it with the court as required by statute (*see* CPLR 3217 [a]). In any event, as accurately observed by the court, the plaintiff never sought to amend its complaint in this action to assert these claims. In this regard, contrary to the plaintiff's contention, the issues raised in the CPLR article 78 proceeding, which sought to review and annul a September 1997 administra-

tive determination, were not already asserted in this action, which was commenced in April 1997 and seeks damages for breach of contract.

The court erred in failing to impose an appropriate sanction upon the plaintiff for its repeated failure to produce, and its ultimate spoliation of, certain financial documents which were to be used in support of its claim for lost profits. In opposition to that branch of the defendant's motion which was to dismiss the complaint due to the spoliation of this evidence, the plaintiff essentially conceded that it had failed to retain the requested documents and that it instead planned to rely on the testimony of its employees to support its claim at the trial. Under these circumstances, the defendant has been left without the evidence essential to its ability to defend against the plaintiff's claim for lost profits (see *Klein v Ford Motor Co.*, 303 AD2d 376 [2003]; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]; *Squitieri v City of New York*, 248 AD2d 201, 202 [1998]; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1997]). Accordingly, the plaintiff is precluded from offering any evidence at trial regarding lost profits.

The parties' remaining contentions are either without merit or have been rendered academic in view of the foregoing. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.