■ TREVOR L. BROOKS, Appellant, v MICHAEL ROSS, Respondent. [808 NYS2d 358]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated October 1, 2003, as granted the defendant's motion for leave to file an untimely motion for summary judgment dismissing the complaint, and (2) an order of the same court (Ruchelsman, J.), dated June 29, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order dated October 1, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 29, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant sought leave to file an untimely motion for summary judgment dismissing the complaint more than 60 days after the plaintiff filed a note of issue, in violation of rule 13 of the Uniform Civil Trial Rules of the Supreme Court, Kings County. Since the defendant established good cause for the delay, the Supreme Court properly granted him leave to file the motion for summary judgment (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Certified Elec. Contr. Corp. v City of New York [Dept. of Transp.]*, 23 AD3d 596 [2005]; *Gonzalez v United Parcel Serv.*, 249 AD2d 210 [1998]).

Furthermore, the Supreme Court correctly granted the defendant's motion for summary judgment. The defendant demonstrated his entitlement to judgment as a matter of law by establishing that the plaintiff was unable to show that he failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]). The defendant also established that the plaintiff was unable to demonstrate that but for the alleged negligence, he would have prevailed in the underlying proceeding (*see Siciliano v Forchelli & Forchelli*, 17 AD3d 343, 344 [2005]). In response, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Adams, J.P., Luciano, Rivera and Covello, JJ., concur.