■ MAUREEN SCHERER et al., Plaintiffs, v NORTH SHORE CAR WASH CORP. et al., Appellants, JOSE MALTEZ et al., Defendants, and VINCENT FILECCIA, Respondent. [821 NYS2d 219]—

In an action to recover damages for personal injuries, etc., the defendants North Shore Car Wash Corp. and 450 Route 25A Realty Corp. appeal from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated October 26, 2004, as denied that branch of their motion which was for summary judgment dismissing so much of the cross claim asserted by Vincent Fileccia against the defendant North Shore Car Wash Corp. for common-law indemnification, and granted the motion of the defendant Vincent Fileccia for summary judgment on so much of his cross claim as is asserted against the defendant North Shore Car Wash Corp. for common-law indemnification.

Ordered that the appeal by the defendant 450 Route 25A Realty Corp. from so much of the order as granted the motion of the defendant Vincent Fileccia is dismissed, without costs or disbursements, on the ground that the defendant 450 Route 25A Realty Corp., is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Vincent Fileccia and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Vincent Fileccia brought his vehicle to be washed by the defendant North Shore Car Wash Corp. (hereinafter North Shore). When the car exited the automatic system, the defendant Jose Maltez, an employee of the defendant North Shore, drove the vehicle forward and struck the plaintiff Maureen Scherer, causing serious injuries.

The Supreme Court properly concluded that a passive owner of a vehicle vicariously liable pursuant to Vehicle and Traffic Law § 388 is entitled to common-law indemnification from the employer of an active tortfeasor acting within the scope of his employment (*see Traub v Dinzler,* 309 NY 395, 398-400 [1955]; *Dunn v Hurtt,* 4 AD3d 884 [2004]; *Denton Leasing Corp. v*

*Breezy Point Surf Club,* 133 AD2d 95 [1987]; *Hertz Corp. v Dahill Moving & Stor. Co.,* 79 AD2d 589 [1980], *affd* 54 NY2d 619 [1981]). In the instant case Jose Maltez was clearly acting within the scope of his employment when the accident occurred (*see Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932, 933 [1999]; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 440 [1981]).

However, North Shore and Maltez allege that a malfunction of the vehicle contributed to the accident and therefore Fileccia's liability is not predicated solely upon vicarious liability pursuant to Vehicle and Traffic Law § 388. Although there is no evidence in the record of a specific defect in the vehicle prior to the accident, Fileccia acknowledged at his deposition that North Shore's insurance carrier asked to inspect the vehicle before it was repaired. Fileccia further acknowledged that he had received an "Amended Notice to Preserve" the vehicle dated September 11, 2002, directing him to "preserve and maintain" the vehicle without alterations.

Fileccia initially agreed to the inspection while the vehicle was still in the repair shop. Thereafter, Fileccia's insurance carrier instructed him that there was "absolutely no way" to permit such an inspection. Therefore, when North Shore's representative contacted Fileccia to set up an appointment to inspect the vehicle, Fileccia informed him that his insurance carrier instructed him not to permit the inspection. The vehicle was repaired in violation of the outstanding "Amended Notice to Preserve."

North Shore's inability to inspect the vehicle prior to its repair prejudiced North Shore in opposing summary judgment with respect to Fileccia's claim for common-law indemnification against it (*see Deveau v CF Galleria at White Plains, LP,* 18 AD3d 695, 696 [2005]). In view of the foregoing, summary judgment in Fileccia's favor on so much of his cross claim as is against North Shore for common-law indemnification should have been denied. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.