■ MAUREEN SCHERER et al., Plaintiffs, v NORTH SHORE CAR WASH CORP., Appellant, VINCENT FILECCIA et al., Respondents, et al., Defendants. [846 NYS2d 206]—

In an action to recover damages for personal injuries, etc., the

defendant North Shore Car Wash Corp. appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), entered September 25, 2006, which, in effect, upon denying its motion, based on spoliation of evidence, to dismiss the cross claim asserted by the defendant Vincent Fileccia against it for common-law indemnification and, in effect, upon searching the record and awarding summary judgment in favor of Vincent Fileccia on his cross claim for common-law indemnification, is in favor of the defendant Vincent Fileccia and against it in the sum of $250,000.

Ordered that the judgment is reversed, on the law, with costs, the award, in effect, of summary judgment is vacated, and the motion is granted to the extent of precluding the defendant Vincent Fileccia from offering any evidence at trial regarding the condition of his vehicle at the time of the accident.

The plaintiff Maureen Scherer was seriously injured when she was struck by a vehicle owned by the defendant Vincent Fileccia (hereinafter Fileccia), and driven by an employee of the defendant North Shore Car Wash Corp. (hereinafter North Shore). On a prior appeal, this Court determined that North Shore was prejudiced in opposing Fileccia's motion for summary judgment on his cross claim for common-law indemnification because Fileccia repaired his vehicle in violation of an outstanding "Amended Notice to Preserve" (see Scherer v North Shore Car Wash Corp., 32 AD3d 426 [2006]). Consequently, this Court held that his motion for summary judgment on so much of his cross claim as was against North Shore for common-law indemnification should have been denied by the Supreme Court (see Scherer v North Shore Car Wash Corp., 32 AD3d at 426).

Subsequently, North Shore moved, based on spoliation of evidence, to dismiss Fileccia's cross claim for common-law indemnification. The Supreme Court, in effect, denied the motion and, in effect, searched the record and awarded summary judgment to Fileccia on his cross claim for common-law indemnification.

Contrary to North Shore's contention, the sanction of striking Fileccia's cross claim for common-law indemnification would have been too harsh a penalty (see Iannucci v Rose, 8 AD3d 437 [2004]). Under the circumstances, a sanction of preclusion is appropriate (see Certified Elec. Contr. Corp. v City of New York [Dept. of Transp.], 23 AD3d 596, 599 [2005]) . Accordingly, the Supreme Court should have granted North Shore's motion to the extent of precluding Fileccia from offering any evidence at trial regarding the condition of the vehicle at the time of the accident.

Further, the Supreme Court improperly searched the record and awarded summary judgment in favor of Fileccia, as that was not the subject of North Shore's motion (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]). Schmidt, J.P., Spolzino, Santucci and Dickerson, JJ., concur.