■ E.R. FURNITURE DELIVERY, INC., Respondent, v BUDGET RENT A CAR SYSTEM, INC., et al., Appellants. [880 NYS2d 300]—

In an action for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *David v Bryon,* pending in the Supreme Court, Rockland County, under index No. 3850/05, the defendants appeal from an order of the Supreme Court, Rockland County (Weiner, J.), entered December 19, 2007, which denied their motion, in effect, for summary judgment declaring that they are not obligated to defend and indemnify the plaintiff in the underlying action and granted the plaintiff's cross motion for summary judgment declaring that the defendants are so obligated.

Ordered that the order is reversed, on the law, with costs, the defendants' motion, in effect, for summary judgment is granted, the plaintiff's cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the defendants are not obligated to defend and indemnify the plaintiff in the underlying action.

The plaintiff, E.R. Delivery Furniture, Inc. (hereinafter E.R. Furniture), and the defendants, Budget Rent A Car System, Inc., Budget Rent A Car System, Inc., doing business as Budget Rent-A-Car, Budget Rent-A-Car, and Budget Truck Trust 1 (hereinafter collectively Budget), are defendants in an underlying personal injury action. The plaintiff in the underlying personal injury action alleges that he was struck by a truck owned by Budget and driven by Jorge Bryon, an employee of E.R. Furniture (*see David v Bryon,* 56 AD3d 413 [2008]).

E.R. Furniture brought the present action seeking a judgment declaring that Budget was required to defend and indemnify it in the underlying personal injury action. Budget moved, in effect, for summary judgment declaring that it was not obligated to defend and indemnify E.R. Furniture, and E.R. Furniture cross-moved for summary judgment. The Supreme Court denied Budget's motion and granted E.R. Furniture's cross motion. We reverse.

Budget established its prima facie entitlement to judgment as a matter of law. A passive owner of a vehicle vicariously liable pursuant to Vehicle and Traffic Law § 388 has no obligation to indemnify or defend the employer of an active tortfeasor acting within the scope of his employment (*see Traub v Dinzler,* 309 NY 395, 401 [1955]; *Scherer v North Shore Car Wash Corp.,* 32 AD3d 426, 427 [2006]). Budget established that it was a passive owner of the vehicle driven by Bryon and that Bryon was acting within the scope of his employment while driving the truck which struck the plaintiff in the underlying action (*see Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932 [1999]; *Traub v Dinzler,* 309 NY 395 [1955]; *Scherer v North Shore Car Wash Corp.,* 32 AD3d 426 [2006]; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431 [1981]). In opposition, E.R. Furniture failed to raise a triable issue of fact and, in support of its cross motion for summary judgment, failed to establish its prima facie entitlement to judgment as a matter of law. Accordingly, Budget's motion, in effect, for summary judgment should have been granted and E.R. Furniture's cross motion for summary judgment should have been denied.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that Budget is not obligated to defend and indemnify E.R. Furniture in the underlying personal injury action entitled *David v Bryon,* pending in the Supreme Court, Rockland County, under index No. 3850/05 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

Budget's remaining contention, that it is entitled to a judgment declaring that E.R. Furniture is required to indemnify it, is not properly before us because Budget did not move for such affirmative relief in this action (*see G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95, 105 [2007], *affd* 10 NY3d 941 [2008]). Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.