■ MAUREEN SCHERER et al., Plaintiffs, v NORTH SHORE CAR WASH CORP., Appellant, and VINCENT FILECCIA, Respondent, et al., Defendants. [901 NYS2d 281]—

In an action to recover damages for personal injuries, etc., the defendant North Shore Car Wash Corp. appeals (1) from an order of the Supreme Court, Suffolk County (Sweeney, J.), dated February 23, 2009, which granted the motion of the defendant Vincent Fileccia to restore the action to the trial calendar, and (2), as limited by its brief, from so much of an order of the same court dated June 11, 2009, as, upon reargument, adhered to the original determination in the order dated February 23, 2009.

Ordered that the appeal from the order dated February 23, 2009, is dismissed, as that order was superseded by the order dated June 11, 2009, made upon reargument; and it is further,

Ordered that the order dated June 11, 2009, is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated February 23, 2009, is vacated, and the motion of the defendant Vincent Fileccia to restore the action to the trial calendar is denied.

This is the third appeal to this Court arising from this action, which seeks, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Maureen Scherer, who was struck by a vehicle owned by the defendant Vincent Fileccia and driven by an employee of the defendant North Shore Car Wash Corp. (hereinafter North Shore) (*see Scherer v North Shore Car Wash Corp.*, 32 AD3d 426 [2006]; *Scherer v North Shore Car Wash Corp.*, 45 AD3d 564 [2007]). In the first appeal, this Court determined that North Shore's inability to inspect Fileccia's vehicle because Fileccia repaired his vehicle in violation of an outstanding "Amended Notice to Preserve" prejudiced North Shore in opposing Fileccia's motion for summary judgment on his cross claim for common-law indemnification (*see Scherer v North Shore Car Wash Corp.*, 32 AD3d at 428). As a result, this Court held that Fileccia's motion for summary judgment on so much of his cross claim as was against North Shore for common-law indemnification should have been denied (*id.* at 428).

North Shore subsequently moved, based on spoliation of evidence, to dismiss Fileccia's cross claim for common-law indemnification. North Shore also sought, in the alternative, to preclude Fileccia from offering any evidence at trial regarding the condition of his vehicle at the time of the accident.

In open court, Fileccia entered into a settlement with the plaintiffs, and Fileccia and North Shore entered into a stipulation based on the Supreme Court's anticipated ruling that the issue of spoliation of evidence was no longer relevant, that sanctions were limited to the denial of Fileccia's motion for summary judgment on his cross claim for common-law indemnification, and that no further sanctions were warranted. Fileccia and

North Shore stipulated that the sole issue that North Shore could pursue on appeal was the "spoliation and indemnification" issue. Further, Fileccia's counsel, who placed the stipulation on the record, stated that it was understood and stipulated that in the event the Appellate Division "agrees with [North Shore's] position," that would be the end of the case and there would be no indemnification claimed.

After the stipulation was placed on the record, the Supreme Court, in effect, denied North Shore's motion and, in effect, searched the record and awarded summary judgment to Fileccia on his cross claim for common-law indemnification. North Shore appealed, and this Court reversed the award, in effect, of summary judgment in favor of Fileccia, and granted North Shore's motion to the extent of precluding Fileccia from offering any evidence at trial regarding the condition of his vehicle at the time of the accident (*see Scherer v North Shore Car Wash Corp.*, 45 AD3d 564 [2007]). This Court determined that, while the sanction of striking Fileccia's cross claim for common-law indemnification would have been too harsh a penalty, the sanction of preclusion was appropriate under the circumstances (*id.* at 565).

Fileccia then moved to restore the action to the trial calendar for a determination of his cross claim for common-law indemnification. In an order dated February 23, 2009, the Supreme Court granted the motion, and found that, pursuant to the stipulation, Fileccia's right to pursue his cross claim was to be terminated only upon a finding by the Appellate Division that North Shore was entitled to an order striking the cross claim. In an order dated June 11, 2009, the Supreme Court, inter alia, upon reargument, adhered to its original determination.

"An oral stipulation of settlement that is made in open court . . . is enforceable as a contract and is governed by general contract principles for its interpretation and effect; [t]he role of the court is to determine the intent and purpose of the stipulation based on an examination of the record as whole" (*Lacorazza v Lacorazza*, 47 AD3d 897, 898 [2008], quoting *Matter of Weiss v Weiss*, 289 AD2d 498, 498 [2001]). Under general principles of contract interpretation, when the intent of the parties can be gleaned from the face of the instrument, or from the clear language of the oral agreement, extrinsic evidence may not be considered (*see Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]; *Fernandez v Price*, 63 AD3d 672, 675 [2009]). However, when language of a stipulation is ambiguous, that is, "reasonably susceptible of more than one interpretation," extrinsic or parol evidence may be permitted to determine the parties' intent as to the meaning of that language (*Chimart Assoc. v Paul*, 66 NY2d at 573; *see Fernandez v Price*, 63 AD3d at 675).

Here, the phrase "agrees with [North Shore's] position" used by Fileccia's counsel is ambiguous and, thus, we must look to the record as a whole to determine the parties' intent. Upon our reading of the record, we conclude that the interpretation of the stipulation most consistent with the intention of the parties is that Fileccia agreed to forgo his right to pursue his cross claim if the Appellate Division agreed with the position of North Shore that the issue of sanctions was not irrelevant, that sanctions were not limited to the denial of Fileccia's motion for summary judgment, and that sanctions should be imposed on Fileccia. This Court agreed with North Shore's position that sanctions should be imposed on Fileccia, and while we did not impose the harsh penalty of striking the cross claim, we imposed the sanction of preclusion, which was appropriate under the circumstances (see Scherer v North Shore Car Wash Corp., 45 AD3d at 565). Accordingly, this Court "agreed with" North Shore's position. If Fileccia had intended to forgo his right to pursue his cross claim only if the Appellate Division granted the sanction of striking his cross claim, his counsel could have stated so on the record.

Accordingly, pursuant to the stipulation, Fileccia is precluded from pursuing his cross claim for common-law indemnification and, therefore, Fileccia's motion to restore the action to the trial calendar should have been denied. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.