■ RICHARD E. LIQUORI et al., Respondents, v RICHARD C. LIQUORI, Defendant, and ELLEN A. LIQUORI, Appellant. [966 NYS2d 543]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Platkin, J.), entered March 5, 2012 in Greene County, which, among other things, denied defendant Ellen A. Liquori's cross motion to, among other things, vacate a stipulation of settlement.

Defendant Richard C. Liquori (hereinafter Liquori) and defendant Ellen A. Liquori (hereinafter defendant) married in 1988. In early 1991, plaintiffs, Liquori's parents, conveyed a parcel of real property to defendant and Liquori. In June 1991, plaintiffs loaned defendant and Liquori $60,000 to build a modular home on the parcel and received a note and mortgage, which was payable over 25 years with interest at 9%, resulting in monthly payments of $503.52. Defendant and Liquori did not make any payments on the mortgage after November 1992. Defendant asserts that payments stopped because plaintiffs stated that they did not wish to collect while defendant stayed at home with the children of the marriage. Although defendant apparently returned to work about six or seven years later, payments never resumed.

Marital problems developed between defendant and Liquori, and they separated in 2010. In February 2011, plaintiffs served a demand for full payment, including back interest, for a total due in excess of $300,000. This foreclosure action followed in April 2011 and, in July 2011, a settlement conference was held with Supreme Court. Defendant had retained counsel for her matrimonial action but she appeared without counsel at the foreclosure action conference. She told Supreme Court that she had ample opportunity to retain counsel for the foreclosure action and had elected not to do so. She then entered into an oral stipulation on the record agreeing (along with Liquori) to deed the property back to plaintiffs in exchange for discontinuance of the foreclosure action and any claims related thereto.

Defendant, however, thereafter refused to execute the deed in lieu of foreclosure and plaintiffs moved to enforce the terms of the stipulation. Defendant cross-moved to vacate the stipulation. Supreme Court granted plaintiffs' motion and denied defendant's cross motion. Defendant appeals.

We affirm. Open court stipulations of settlement are highly favored, binding on the parties and strictly enforced, and generally will not be cast aside absent a showing of "fraud, collusion, mistake or accident" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see Matter of McLaughlin*, 97 AD3d 1051, 1052 [2012]; *Tverskoy v Ramaswami*, 83 AD3d 1195, 1196 [2011]). The fact that a party was not represented by counsel when

entering into a stipulation, while certainly relevant, is not sufficient in itself to invalidate a stipulation, particularly where the party was advised to retain counsel and chose not to (*see Ricca v Ricca*, 57 AD3d 868, 869 [2008]; *Sullivan v Sullivan*, 46 AD3d 1195, 1196 [2007]; *Korngold v Korngold*, 26 AD3d 358, 359 [2006], *lv dismissed* 7 NY3d 861 [2006]; *Matter of Stearns v Stearns*, 11 AD3d 746, 747-748 [2004]).

Here, early in the conference, Supreme Court asked defendant whether she had retained or talked to an attorney. She indicated that she had an attorney for her pending divorce but did not have any attorney for the foreclosure action. Supreme Court inquired whether she had ample opportunity to seek counsel for the foreclosure action. She responded "yes" and she added that she considered the foreclosure action "bogus." The court then suggested that she "might need a lawyer to help [her]," but she interrupted saying "no." She explained the background regarding the property and repeatedly stated that the property should be returned to plaintiffs. Later, Supreme Court clearly explained the settlement terms, and then asked defendant both whether she understood and whether she was prepared to agree to those terms. She responded "yes" to both inquiries.

In light of Supreme Court's repeated inquiries to defendant regarding obtaining counsel, its careful explanation of the proposed settlement, defendant's statement that she understood the settlement and defendant's unwavering resolve at the settlement conference to proceed with the deed in lieu of foreclosure settlement, we discern no reason in this record to vacate the stipulation. With regard to defendant's contention that she is being deprived of equity in the property, we note that she estimated the current value of the property at $150,000; however, the terms of the mortgage indicated an amount due that was more than that value and there is nothing in this record to further support defendant's contention as to value or the amount due on the mortgage. In any event, there is no evidence of fraud, collusion or other conduct by plaintiffs (or Liquori) that would justify vacating the stipulation. Defendant's remaining arguments have been considered and are unavailing.

Stein, Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.