In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants Fulton Street Brothers Realty, LLC, Wilfred Ward, and Latuit Ward appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated April 9, 2012, as denied those branches of their motion which were to disqualify the nonparty Newman Ferrara, LLI] from representing the defendant Fulton Street Brothers Realty, LLC, in this action, and, in effect, for summary judgment vacating a deed conveying the subject property to the defendant 1289 Fulton, LLC, and directing specific performance of the contract of sale between the plaintiffs and the defendant Fulton Street Brothers Realty, LLC.
Ordered that the order is affirmed insofar as appealed from, with costs.
In September 2009, the defendants Yasser Lewis, Wilfred Ward, and Latuit Ward executed an operating agreement for the *833 defendant Fulton Street Brothers Realty, LLC (hereinafter Brothers LLC). Brothers LLC was formed to hold, manage, and sell the premises known as 1289-91 Fulton Street in Brooklyn (hereinafter the property). The operating agreement designated Lewis, who owns a 38% interest in Brothers LLC, as the managing member. In May 2011, Lewis executed a deed conveying title to the property from Brothers LLC to the defendant 1289 Fulton, LLC (hereinafter 1289 LLC), a company also managed by Lewis.
Thereafter, on June 13, 2011, Wilfred Ward and Latuit Ward (hereinafter together the Ward defendants), who own 38% and 24% of Brothers LLC, respectively, called and conducted a “special meeting of the members,” at which time they voted to remove Lewis from his position as managing member and to replace him with Latuit Ward. Later that day, the Ward defendants, on behalf of Brothers LLC, signed a contract for the sale of the property to the plaintiffs. Prior to closing, the plaintiffs discovered the May 2011 deed conveying the property to 1289 LLC. They commenced this action against Brothers LLC, 1289 LLC, Lewis, and the Ward defendants seeking, inter alia, specific performance of the contract of sale. After joinder of issue, the Ward defendants, individually and on behalf of Brothers LLC, moved, in effect, for summary judgment vacating the deed conveying the property to 1289 LLC and directing specific performance of their contract with the plaintiffs. They additionally moved to disqualify the nonparty Newman Ferrara, LLR from representing Brothers LLC in this action.
The Supreme Court properly denied those branches of the Ward defendants’ motion which were, in effect, for summary judgment vacating the deed conveying the property to 1289 LLC and directing specific performance of the contract of sale. The Limited Liability Company Law states that “[e]xcept as provided in the operating agreement,” a vote of at least the majority in interest of the members entitled to vote is required to approve a transfer of substantially all of the assets of a limited liability company (Limited Liability Company Law § 402 [d] [2]; see Manitaras v Beusman, 56 AD3d 735, 736 [2008]). Here, article 11 of the operating agreement for Brothers LLC expressly authorized the managing member to “make decisions relating to: the . . . sale ... or other disposition of the Property.” Accordingly, contrary to the Ward defendants’ contention, they failed to make a prima facie showing that the transfer of the property by Lewis, as the managing member, was unauthorized under the operating agreement or Limited Liability Company Law § 402 (d) (2). Moreover, the Ward defendants’ submissions *834 did not establish, as a matter of law, that they complied with the requirements in article 12 of the operating agreement in calling their meeting to replace Lewis with Latuit Ward as managing member before Latuit Ward entered into the contract of sale with the plaintiffs. Since the Wards failed to meet their initial burden as the movants, we need not review the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Arriendola v City of New York, 89 AD3d 775, 776 [2011]).
“The disqualification of an attorney is a matter that rests within the sound discretion of the court” (Nationwide Assoc. v Targee St. Internal Medicine Group, 303 AD2d 728, 728 [2003]; see Mayor of City of Mount Vernon v City Council of City of Mount Vernon, 87 AD3d 567, 568 [2011]). Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the Ward defendants’ motion which was to disqualify Newman Ferrara, LLP, from representing Brothers LLC (see Evans v Perl, 19 Misc 3d 1119[A], 2008 NY Slip Op 50775[U] [Sup Ct, NY County 2008]).
To the extent that the Ward defendants contend that the Supreme Court should have awarded them summary judgment on their cross claims to recover damages for conversion and breach of fiduciary duty, and on an unpleaded claim to recover damages for fraud, the contention is not properly before this Court, as the Ward defendants did not move for summary judgment on those claims (see Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc., 64 AD3d 565, 576 [2009]; E.R. Furniture Delivery, Inc. v Budget Rent A Car Sys., Inc., 62 AD3d 939, 940 [2009]).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.