*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                517202
_____

BEVERLY RAINONE et al.,
                    Respondents,

        v                                  MEMORANDUM AND ORDER

PHILLIP DAVENPORT,
                    Defendant,
        and

ANNETTE DAVENPORT,
                    Appellant.
_____

Calendar Date:   September 2, 2014

Before:   Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

                         _____


        Faust Oppenheim, LLP, New York City (Petra v.Z. Davenport
of counsel), for appellant.

        Graff Law, LLC, Kingston (Sharon A. Graff of counsel), for
respondents.

                         _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Connolly, J.),
entered December 21, 2013 in Ulster County, which, among other
things, denied defendant Annette Davenport's motion to vacate a
stipulation of settlement.

        Plaintiff Beverly Rainone and defendant Annette Davenport
(hereinafter defendant) own adjacent properties in the Town of

Shandaken, Ulster County.[1]  Defendant's relevant property is comprised of two parcels, a 2.94-acre parcel adjoined on its west side by a 2.53-acre parcel.  Rainone's property is located west of defendant's 2.53-acre parcel.  Plaintiffs commenced this action in 2010 seeking, among other things, a declaratory judgment that they had one or more rights-of-way over defendant's property.  On the scheduled trial date, in October 2011, the parties entered into a lengthy stipulation of settlement on the record.

The stipulation referenced a filed survey map which depicted both a "private driveway" that started near the southeast corner of defendant's 2.94-acre parcel and ran generally northwest over defendant's two parcels to Rainone's parcel, as well as a "work road" to the south of the private driveway that crossed only a portion of defendant's 2.53-acre parcel near the southwest corner.  The stipulation included, among other things: a permanent right-of-way over the work road; a right-of-way personal to plaintiffs over the private driveway, which would expire when Rainone transferred her property but would then be replaced by a new permanent right-of-way from approximately the southwest corner of the 2.94-acre parcel and running northwest across the 2.53-acre parcel to basically where the current private driveway entered Rainone's parcel; and a right of first refusal for plaintiffs should defendant elect to sell her property.

In August 2012, defendant moved to vacate the stipulation of settlement.  Plaintiffs cross-moved seeking, among other things, an order compelling defendant to comply with the in-court stipulation and execute a written stipulation consistent therewith.  Supreme Court, as is relevant here, denied defendant's motion and partially granted plaintiffs' motion, ordering defendant to, among other things, execute a written stipulation of settlement consistent with the in-court stipulation of settlement.  Defendant appeals.

---

[1]  The action as to codefendant Phillip Davenport has been discontinued.  Plaintiffs did not allege that plaintiff G. Thomas Rainone was an owner of the relevant property.

"Stipulations of settlement – particularly ones entered into in open court – are judicially favored and, as such, will not be set aside absent grounds sufficient to invalidate a contract, i.e., fraud, collusion, mistake or accident" (Matter of McLaughlin, 97 AD3d 1051, 1052 [2012]; see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Liquori v Liquori, 106 AD3d 1249, 1250 [2013]). Defendant was represented by counsel and the stipulation was read into the record in her presence. She confirmed under oath during detailed questioning by Supreme Court that she had ample time to discuss the terms of the stipulation with her counsel and that she adequately understood the terms thereof. Her current contention that her counsel's representation was less than satisfactory and allegedly negligent does not establish a ground to set aside the stipulation under the circumstances (see Hallock v State of New York, 64 NY2d at 230-231). The record reveals no basis for vacating the stipulation based on what transpired in open court (see Liquori v Liquori, 106 AD3d at 1251; Hamilton v Murphy, 79 AD3d 1210, 1212 [2010], lv dismissed 16 NY3d 794 [2011]).

Defendant further argues that the stipulation is both unlawful because constructing the new right-of-way may violate various land use regulations and unenforceable as an agreement to agree since the precise route of the new right-of-way was not fully set forth. The eventual purchaser or recipient of Rainone's property would be the one pursuing construction of the new right-of-way and would be obligated – absent a specific agreement otherwise – to obtain necessary governmental approvals and ensure compliance with applicable regulations. Defendant's contention that the new right-of-way may violate some uncited regulations is based totally on speculation and unsupported by any evidence in the record. Although the precise route of the entire length of the new right-of-way was not included in the stipulation, this does not vitiate the stipulation since the intent to provide a general right of passage from an identified area of defendant's property to an identified area of Rainone's property was sufficiently articulated therein (see generally Lewis v Young, 92 NY2d 443, 449 [1998]).

Stein, McCarthy, Rose and Devine, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court