In an action to recover on a consolidated note, the defendants appeal from an order of the Supreme Court, Westchester County (Connolly, J.), dated January 21, 2015, which granted the plaintiff’s motion to enforce the parties’ stipulation of settlement, which was entered into in open court on August 11, 2014, and denied the cross motion of the defendants Cirilo Rodriguez and Dashley Realty, Inc., to vacate the stipulation of settlement.
 

 Motion by the plaintiff, inter alia, to dismiss the appeal insofar as taken by the appellants Biombo, Inc., and 146-148 Cortland Street, LLC, on the ground that those appellants are not aggrieved by the order dated January 21, 2015, and to impose a sanction upon the appellants and George W. Echevar-ria, the attorney for the appellants. By decision and order on motion of this Court dated March 16, 2017, those branches of the motion were referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
 

 Ordered that the branch of the motion which is to dismiss the appeal insofar as taken by the appellants Biombo, Inc., and 146-148 Cortland Street, LLC, is granted, as those appellants are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
 

 Ordered that the branch of the motion which is to impose a sanction upon the appellants and George W. Echevarria, the attorney for the appellants, is granted as to the appellant Cirilo Rodriguez and attorney George W. Echevarria, as they have engaged in conduct that is frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2), and that branch of the motion is otherwise denied; and it is further,
 

 Ordered that the appellant Cirilo Rodriguez is directed to pay a sanction in the sum of $500; within 20 days after service of a copy of this decision and order upon him, he shall deposit the sum of $500 with the Clerk of this Court for transmittal to the Commissioner of Taxation and Finance (see 22 NYCRR 130-1.3); and it is further,
 

 Ordered that attorney George W. Echevarria is directed to pay a sanction in the sum of $500; within 20 days after service of a copy of this decision and order upon him, he shall deposit the sum of $500 with the Lawyers’ Fund for Client Protection; and it is further,
 

 Ordered that the Clerk of this Court, or her designee, shall serve a copy of this decision and order on attorney George W. Echevarria, by regular mail; and it is further,
 

 Ordered that within 10 days of the service of this decision and order upon him, the attorney George W. Echevarria shall serve the appellant Cirilo Rodriguez with a copy of this decision and order pursuant to CPLR 2103 (c) and file proof of such service with this Court; and it is further,
 

 Ordered that the order dated January 21, 2015, is affirmed on the appeal by Cirilo Rodriguez and Dashley Realty, Inc., with costs.
 

 In 2007, Northern Funding, LLC, loaned monies to, among others, Cirilo Rodriguez and Dashley Realty, Inc. (hereinafter Dashley Realty; hereinafter together the appellants). The loan was evidenced by several notes which were later consolidated. In or about May 2010, Northern Funding assigned, inter alia, the notes to the plaintiff. Thereafter, the plaintiff commenced this action against the appellants and others, claiming that they defaulted in their payment obligations and that the plaintiff was owed the principal amount of the loan, together with accrued interest, late penalties, and attorneys’ fees. On August 11, 2014, represented by counsel, the plaintiff and the appellants settled the matter by placing a stipulation of settlement on the record. As part of the settlement, the appellants agreed to convey to the plaintiff real property located in Peeks-kill free of all liens and encumbrances (hereinafter the subject property). The stipulation provided, among other things, that the appellants would be in default if they made a material misrepresentation regarding the subject property. It further provided that in the event of default, the plaintiff would be entitled to enter judgment in the sum of $1.8 million, plus all legal fees for collection, less any payments made by the appellants. After a title search ordered by the plaintiff revealed that the subject property was owned by the City of Peekskill and not by the appellants, the plaintiff moved to enforce the stipulation of settlement and the appellants cross-moved to vacate it. The Supreme Court granted the plaintiff’s motion and denied the appellants’ cross motion.
 

 “A stipulation of settlement is a contract, enforceable according to its terms” (McKenzie v Vintage Hallmark, 302 AD2d 503, 504 [2003]). “Stipulations of settlement are favored by courts and are not to be lightly set aside, particularly where the terms of the stipulation were read into the record and the party seeking to vacate the stipulation was represented by counsel” (Town of Clarkstown v M.R.O. Pump & Tank, 287 AD2d 497, 498 [2001]; see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Rogers v Malik, 126 AD3d 874 [2015]; Nigro v Nigro, 44 AD3d 831 [2007]). “ ‘Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation’ ” (Bethea v Thousand, 127 AD3d 798, 799 [2015], quoting Hallock v State of New York, 64 NY2d at 230). “Generally, a contract entered into under a mutual mistake of fact is voidable and subject to rescission” (Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453 [1993]). Courts will generally not vacate agreements on the ground of unilateral mistake where the mistake was the result of negligence or the failure to exercise ordinary care (see Sanford/Kissena Owners Corp. v Daral Props., LLC, 84 AD3d 1210, 1212 [2011]; Robison v Borelli, 239 AD2d 656 [1997]; Weissman v Bondy & Schloss, 230 AD2d 465 [1997]).
 

 We reject the appellants’ argument that they were unaware, at the time of the stipulation of settlement, that the City of Peekskill owned the subject property. Nearly two years prior to the stipulation of settlement, in a proceeding to foreclose a tax lien, in an order and judgment of the Supreme Court, Westchester County (Walker, J.), dated October 1, 2012, the City of Peekskill was granted permission to file a deed conveying the subject property to the City of Peekskill as owner in fee simple absolute. Dashley Realty appealed, and this Court affirmed the judgment (see Matter of City of Peekskill [Dashley Realty, Inc.], 124 AD3d 778 [2015]). The appellants failed to demonstrate sufficient cause to vacate the stipulation of settlement, as their purported mistake in not knowing about the City’s ownership when they entered into the stipulation of settlement on August 11, 2014, is belied by the order and judgment dated October 1, 2012, Dashley Realty’s appeal from that judgment, and attorney George W. Echevarria’s representation of Dashley Realty on that appeal.
 

 Under the circumstances of this case, including, but not limited to, the appellants’ attempt to vacate the stipulation of settlement based upon their purported mistake, we find that much of the conduct of the appellant Cirilo Rodriguez and attorney George W. Echevarria, including their prosecution of this appeal, which is based upon the same meritless arguments advanced on the cross motion to vacate the stipulation of settlement, has been “undertaken primarily to delay or prolong the resolution of the litigation” (22 NYCRR 130-1.1 [c] [2]). We find that this conduct warrants sanctions in the amount of $500 each on the appellant Cirilo Rodriguez and attorney George W. Echevarria.
 

 The appellants’ remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly granted the plaintiff’s motion to enforce the stipulation of settlement and denied the appellants’ cross motion to vacate it.
 

 Dillon, J.R, Balkin, Hall and LaSalle, JJ., concur.