Pierot v Marom (2019 NY Slip Op 03638)





Pierot v Marom


2019 NY Slip Op 03638


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2015-02614
 (Index No. 65092/14)

[*1]Audrey G. Pierot, et al., respondents, 
v
Michael Marom, et al., appellants.


Hirschel Law Firm, P.C., Garden City, NY (Daniel Hirschel of counsel), for appellants.
The Sarcone Law Firm, PLLC, White Plains, NY (John A. Sarcone III and Clifford J. Bond of counsel), for respondents.



DECISION & ORDER
In an action to enforce certain provisions of a stipulation of settlement, the defendants appeal from an order of the Supreme Court, Westchester County (Francesca E. Connolly, J.), dated March 17, 2015. The order, insofar as appealed from, after a framed-issue hearing, granted the plaintiffs' motion for certain specific performance and denied the defendants' cross motion to vacate the stipulation of settlement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
By summons and complaint dated September 22, 2014, the plaintiffs commenced this action against the defendants to enforce a stipulation of settlement dated July 10, 2014. The stipulation, recited on the record in open court, essentially required the defendants to transfer possessory rights over a shared driveway to the plaintiffs in exchange for $50,000. The stipulation also directed the plaintiffs to produce a metes and bounds description for use in the necessary conveyance instruments, using certain markings on a survey map dating back to 1964. The plaintiffs moved by order to show cause dated September 23, 2014, inter alia, to prohibit the defendants from entering the area of the driveway over which the plaintiffs held an exclusive possessory interest, and to direct the defendants to execute conveyance instruments incorporating the plaintiffs' proposed metes and bounds description. The defendants opposed the plaintiffs' motion and cross-moved to vacate the stipulation of settlement.
The Supreme Court held a framed-issue hearing to resolve a factual dispute over the precise metes and bounds of the plaintiffs' possessory interest. Thereafter, in an order dated March 17, 2015, the court, among other things, granted the plaintiffs' motion, inter alia, to direct the defendants to execute conveyance instruments that incorporated the revised metes and bounds language, and to prohibit them from entering the plaintiffs' exclusive area. The court also denied the defendants' cross motion to vacate the stipulation of settlement. The defendants appeal.
We agree with the Supreme Court's determination to deny the defendants' cross motion to vacate the stipulation of settlement. " Stipulations of settlement are favored by courts and are not to be lightly set aside, particularly where the terms of the stipulation were read into the record [*2]and the party seeking to vacate the stipulation was represented by counsel'" (ATS-1 Corp. v Rodriguez, 156 AD3d 674, 676, quoting Town of Clarkstown v M.R.O. Pump & Tank, 287 AD2d 497, 498; see Hallock v State of New York, 64 NY2d 224, 230). " Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation'" (Bethea v Thousand, 127 AD3d 798, 799, quoting Hallock v State of New York, 64 NY2d at 230). Here, the defendants failed to demonstrate sufficient cause to vacate the stipulation of settlement due to mutual mistake (see Rainone v Davenport, 121 AD3d 1444, 1445-1446; HCE Assoc. v 3000 Watermill Lane Realty Corp., 131 AD2d 543, 544), or any other ground (see Premier Ford NY, Inc. v Ryan, 162 AD3d 699, 701-702; Eldridge v Shaw, 99 AD3d 1224, 1225-1226).
Furthermore, contrary to the defendants' arguments, the Supreme Court did not alter the terms of the stipulation of settlement when it awarded certain specific performance to the plaintiffs. " A stipulation of settlement is a contract, enforceable according to its terms'" (ATS-1 Corp. v Rodriguez, 156 AD3d at 676, quoting McKenzie v Vintage Hallmark, 302 AD2d 503, 504). "Under general principles of contract interpretation, when the intent of the parties can be gleaned from the face of the instrument, or from the clear language of the oral agreement, extrinsic evidence may not be considered" (Scherer v North Shore Car Wash Corp., 72 AD3d 927, 929; see Chimart Assoc. v Paul, 66 NY2d 570, 572-573). "However, when language of a stipulation is ambiguous, that is, reasonably susceptible of more than one interpretation,' extrinsic or parol evidence may be permitted to determine the parties' intent as to the meaning of that language" (Scherer v North Shore Car Wash Corp., 72 AD3d at 929, quoting Chimart Assoc. v Paul, 66 NY2d at 573; see Fernandez v Price, 63 AD3d 672, 675).
Here, the stipulation of settlement unambiguously provided for the transfer to the plaintiffs of exclusive possessory rights in the segment of the driveway adjacent to their parcel. To the extent that the nature of the property interest was not made clear in open court on the day the parties entered into the stipulation of settlement, the only reasonable interpretation in light of the parties' extrinsic evidence is, as the Supreme Court correctly determined, that they intended the property interest in question to be an exclusive easement (see Demetrio v Stewart Tit. Ins. Co., 124 AD3d 824, 826). Lastly, the parties agreed to reduce the precise metes and bounds of the exclusive easement to writing at a later date because the survey map the parties used to define it lacked the accuracy necessary to do so on the date they entered into the stipulation of settlement. At the framed-issue hearing held to resolve that ambiguity, the parties' experts testified that a metes and bounds description they drafted together accurately reflected the boundaries of the exclusive easement agreed to in the stipulation of settlement. Consequently, the court did not change the terms of the stipulation of settlement by directing the defendants to execute conveyance instruments transferring an exclusive easement described using the metes and bounds that the parties' experts drafted together, or by prohibiting the defendants from entering the area covered by the exclusive easement.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court