Saca Discount Corp. v 33-02 30th Ave., LLC (2020 NY Slip Op 02488)





Saca Discount Corp. v 33-02 30th Ave., LLC


2020 NY Slip Op 02488


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-05309 
2017-10402
 (Index No. 4405/16)

[*1]Saca Discount Corp., respondent,
v
33-02 30th Avenue, LLC, appellant.


Sipsas P.C., Astoria, NY (Ioannis P. Sipsas of counsel), for appellant.
Mitchell & Incantalupo, Forest Hills, NY (Thomas V. Incantalupo of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for partial eviction, the defendant appeals from (1) an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered May 15, 2017, and (2) an order of the same court entered October 2, 2017. The order entered May 15, 2017, granted the plaintiff's motion to enforce a so-ordered stipulation of settlement dated December 7, 2016, and to direct the release of certain funds held in escrow. The order entered October 2, 2017, denied the defendant's motion, inter alia, to enjoin the release of the funds held in escrow.
ORDERED that the orders are affirmed, with one bill of costs.
The defendant is the owner of certain premises on 30th Avenue in Astoria, which include a store rented by the plaintiff. The plaintiff's lease term was due to expire in 2026. However, in April 2016, the plaintiff commenced this action to recover damages for an alleged partial eviction resulting from certain actions allegedly undertaken by the defendant. On December 7, 2016, the parties entered into a stipulation of settlement (hereinafter the stipulation) in open court, and the stipulation was so-ordered by the Supreme Court. As relevant here, the parties agreed that the plaintiff would receive $750,000 in exchange for vacating the premises on or before March 1, 2017, and leaving the premises in "broom-cleaned condition."
In March 2017, the plaintiff moved to enforce the stipulation and to direct the release of the $750,000, which was being held in escrow by the plaintiff's attorneys. In an order entered May 15, 2017, the Supreme Court granted the plaintiff's motion. Thereafter, the defendant moved, inter alia, for a declaration that the plaintiff breached the stipulation and to enjoin the release of the escrow funds. In an order entered October 2, 2017, the court denied the defendant's motion. The defendant appeals from both orders.
" A stipulation of settlement is a contract, enforceable according to its terms'" (Pierot v Marom, 172 AD3d 928, 929, quoting ATS-1 Corp. v Rodriguez, 156 AD3d 674, 676 [internal quotation marks omitted]). " Under general principles of contract interpretation, when the intent of [*2]the parties can be gleaned from the face of the instrument, or from the clear language of the oral agreement, extrinsic evidence may not be considered'" (Pierot v Marom, 172 AD3d at 929, quoting Scherer v North Shore Car Wash Corp., 72 AD3d 927, 929; see Chimart Assoc. v Paul, 66 NY2d 570, 572-573).
Here, the plaintiff established that it had complied with its obligations under the stipulation by vacating the premises on March 1, 2017, and leaving the premises in broom-cleaned condition. Contrary to the defendant's contentions, the stipulation did not require the plaintiff to vacate the premises in accordance with the provisions of the parties' lease. Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion to enforce the stipulation and to direct the release of the funds held in escrow.
We also agree with the Supreme Court's denial of the defendant's motion, as the defendant advanced virtually the same arguments it made in opposition to the plaintiff's motion, which were rejected by the court in its earlier determination granting the plaintiff's motion (see generally El-Dehdan v El-Dehdan, 26 NY3d 19, 33; PHH Mtge. Corp. v Burt, 176 AD3d 1242, 1243-1244).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court