Powers v Canandaigua Med. Group, P.C. (2025 NY Slip Op 00541)

Powers v Canandaigua Med. Group, P.C.

2025 NY Slip Op 00541

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

631 CA 23-01551

[*1]BONITA POWERS, AS ADMINISTRATOR OF THE ESTATE OF JAMES POWERS, M.D., DECEASED, PLAINTIFF-APPELLANT,
v
CANANDAIGUA MEDICAL GROUP, P.C., DEFENDANT-RESPONDENT. 

THE GLENNON LAW FIRM, P.C., ROCHESTER (ASHLEY RAE WESTBROOK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HARTER SECREST & EMERY LLP, BUFFALO (DANIEL J. ALTIERI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, J.), entered July 24, 2023. The order, inter alia, granted the motion of defendant insofar as it sought to enforce a settlement. 
It is hereby ORDERED that said appeal is unanimously dismissed insofar as it concerns the motion for a directed verdict and the order is affirmed without costs.
Memorandum: James Powers, M.D. (decedent) commenced this action alleging, inter alia, that defendant, a professional corporation, breached the parties' contract when it undervalued the purchase price of his shares of stock in defendant upon his retirement. Plaintiff, who is decedent's wife and the administrator of his estate, was substituted as plaintiff before the matter went to trial. At trial, following the close of plaintiff's case, Supreme Court granted defendant's motion for a directed verdict dismissing the breach of contract cause of action. Shortly thereafter, the parties entered into a stipulation in open court settling the action (see CPLR 2104).
After further disputes arose between the parties over the plaintiff's failure to execute a mutual release and stipulation of discontinuance, defendant moved to, inter alia, enforce the terms of the oral stipulation and compel plaintiff to execute those documents. Plaintiff cross-moved to, among other things, vacate the oral stipulation. Plaintiff now appeals from an order that denied the cross-motion and granted the motion insofar as it sought to enforce the terms of the oral stipulation and compel plaintiff to execute a mutual release and stipulation of discontinuance.
We note at the outset that the appeal must be dismissed to the extent that plaintiff contends that, at trial, the court erred in granting defendant's motion for a directed verdict on the breach of contract cause of action inasmuch as plaintiff's challenge to that "trial ruling . . . is reviewable only on an appeal from the final judgment," and no final judgment has been entered (Wojcik v Kent, 21 AD3d 1410, 1411 [4th Dept 2005] [internal quotation marks omitted]; see Corrado v Davuluri, 122 AD3d 1390, 1390 [4th Dept 2014]; see generally CPLR 5501 [a] [3]).
We reject plaintiff's contention that the court erred in granting defendant's motion to enforce the settlement agreement and in denying the cross-motion to vacate that agreement. "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see Gay v Gay, 118 AD3d 1331, 1332 [4th Dept 2014], lv dismissed 25 NY3d 1015 [2015]). Here, nothing in the record supports [*2]plaintiff's contention that the stipulation should be set aside, and plaintiff's assertion that her trial counsel's representation was "less than satisfactory and allegedly negligent does not establish a ground to set aside the stipulation" under the circumstances (Rainone v Davenport, 121 AD3d 1444, 1445 [3d Dept 2014]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court