■ KEITH DONOHUE et al., Respondents, v THOMAS WERLE, Defendant, and LOUIS W. WERLE et al., Appellants. [783 NYS2d 829]—

In an action to recover damages for personal injuries, etc., the defendants Louis W. Werle and Caroline Werle appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated November 17, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiffs allege that the appellants, Louis W. Werle and Caroline Werle, parents of the defendant Thomas Werle (hereinafter Werle), negligently, carelessly, and recklessly supervised their son. In an altercation with the plaintiff Keith Donohue, Werle bit the plaintiff's ear, causing injury. At the time of the incident in question, Werle was 20 years old.

The appellants discharged their initial burden of demonstrating entitlement to judgment as a matter of law dismissing the plaintiffs' complaint insofar as asserted against them (see Steinberg v Cauchois, 249 App Div 518 [1937]). In opposition, the plaintiffs failed to present proof demonstrating the existence of a triable issue of fact (see Silverman v Perlbinder, 307 AD2d 230 [2003]). Although the Supreme Court may, in its discretion, defer decision on a summary judgment motion where evidence material to the issues involved is unavailable to the opponent of a summary judgment motion (see e.g. Mazzaferro v Barterama Corp., 218 AD2d 643 [1995]; Manney v GE Med. Sys., 7 AD3d 763 [2004]), the information sought by the plaintiffs—the terms of certain insurance policies—the unavailability of which served as the basis for the denial of the appellants' motion, was not material to the issues raised by the appellants' motion. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.