■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Respondent, v PARISCINA MCDUFFIE, Appellant, et al., Defendants. [825 NYS2d 224]—

In an action to foreclose a mortgage, the defendant Pariscina McDuffie appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Woodard, J.), dated May 24, 2004, as denied, "without prejudice," that branch of the plaintiff's motion which was, in effect, for summary judgment and granted those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing her first, second, third, fourth, and seventh "affirmative defenses and counterclaims," and those portions of the affirmative defenses and counterclaims which sought rescission of the mortgage, and (2) an order of the same court dated September 30, 2004, as denied her motion, denominated as one for leave to reargue and renew, but which was, in actuality, one for leave to reargue the plaintiff's motion for summary judgment.

Ordered that the appeal from so much of the order dated May 24, 2004, as denied, "without prejudice," that branch of the plaintiff's motion which was, in effect, for summary judgment, is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeal from the order dated September 30, 2004, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that order dated May 24, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In April 2003 the respondent, Mortgage Electronic Registra-

tion Systems, Inc. (hereinafter MERS), commenced this foreclosure action based upon a mortgage made by the appellant, Pariscina McDuffie, in favor of First National Bank of Arizona (hereinafter First National) dated December 20, 2001, with respect to premises known as 33 Pearl Street, Inwood, New York (hereinafter the premises) to secure an indebtedness of $308,750 under a note of the same date. MERS alleged that it was the holder of the note and the mortgage.

In her answer, McDuffie asserted seven "affirmative defenses and counterclaims" (hereinafter the counterclaims) alleging, in substance, that (1) MERS and others fraudulently induced McDuffie "to enter into this loan," (2) MERS and others violated the Federal Truth In Lending Act, (3) MERS and others had violated General Business Law § 349, (4) the mortgage loan agreement was unconscionable, (5) certain third-party defendants (the third-party action has been severed) breached a fiduciary duty to McDuffie in connection with the mortgage in question, (6) MERS and others violated the Federal Real Estate Settlement Procedures Act (12 USCA § 2601 *et seq.*), and (7) MERS and others violated Banking Law § 598. Upon each counterclaim, McDuffie sought rescission of the mortgage in question and monetary damages. In its reply, MERS denied the allegations set forth in each of McDuffie's counterclaims.

In December 2003 MERS moved for summary judgment dismissing McDuffie's answer and "denying the [c]ounterclaims." McDuffie opposed the motion. By order dated May 24, 2004, the Supreme Court determined, inter alia, that "[t]he plaintiff's request for an order of foreclosure and the appointment of a referee is *denied without prejudice until* the plaintiff provides to the [c]ourt a copy of the duly executed and acknowledged assignment from the original lender, . . . First National" (emphasis added). The court also dismissed McDuffie's first, second, third, fourth, and seventh counterclaims in toto and those portions of the remaining counterclaims as sought rescission of the mortgage. McDuffie appealed from the order dated May 24, 2004.

By order dated September 30, 2004, the Supreme Court, inter alia, denied McDuffie's motion, in effect, for leave to reargue. McDuffie appealed from that order as well.

McDuffie's appeal from so much of the order dated May 24, 2004, as "denied without prejudice" that branch of MERS' motion which was, in effect, for summary judgment, must be dismissed as McDuffie is not aggrieved by that portion of the order (*see* CPLR 5511; *Scherer v North Shore Car Wash Corp.*, 32 AD3d 426 [2d Dept 2006]; *Broadway Equities v Metropolitan Elec. Mfg. Co.*, 306 AD2d 426 [2003]).

MERS met its initial burden of demonstrating its entitlement to judgment as a matter of law with respect to those branches of its motion which were for summary judgment dismissing the first, second, third, fourth, and seventh counterclaims, and those portions of the counterclaims which sought rescission of the mortgage (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, McDuffie failed to carry her burden of demonstrating that there exists a triable issue of fact (*see Donohue v Werle*, 12 AD3d 398 [2004]; *cf. Campaign v Barba*, 23 AD3d 327 [2005]; *Morgan v New York Tel.*, 220 AD2d 728 [1995]).

McDuffie's appeal from so much of the order dated September 30, 2004, as denied her motion denominated as one for leave to "reargue and renew" the plaintiff's motion for summary judgment must be dismissed. McDuffie's motion was actually one for leave to reargue, the denial of which is not appealable (*see Warner v Carter*, 21 AD3d 483 [2005]).

To the extent that McDuffie contends that the Supreme Court incorrectly granted summary judgment in favor of MERS on its foreclosure action in an order dated July 15, 2005, those contentions are not properly before us as no appeal was taken from that order.

McDuffie's remaining contentions are without merit. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.