OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order entered May 24, 2012 is dismissed; and it is further, ordered that the order entered July 17, 2012, insofar as appealed from, is reversed, without costs, and the branch of defendant’s motion seeking summary judgment dismissing so much of the complaint as was asserted by plaintiff Maurice Oparaji is denied; and it is further, ordered *27 that the appeal from the order entered January 2, 2013 is dismissed as academic.
At the outset we note that, although the notice of appeal purports to be on behalf of both plaintiffs, Maurice Oparaji was without authority to take an appeal on behalf of the plaintiff Ada Oparaji because he is not an attorney admitted to practice law in the State of New York (see Matter of Ontario Hgts. Homeowners Assn. v Town of Oswego Planning Bd., 77 AD3d 1465 [2010]).
An underlying mortgage foreclosure action, commenced against plaintiffs in the Supreme Court, Queens County (index No. 6889/2007), was resolved on January 29, 2008 by a so-ordered stipulation, pursuant to which ABN AMRO Mortgage Group (ABN), the predecessor in interest of defendant herein, agreed to reinstate the mortgage loan of Maurice Oparaji and Ada Oparaji, plaintiffs herein, upon receipt of payment of $23,387.04. Upon such payment, ABN agreed that it would discontinue the foreclosure action and waive late charges, fees and costs, other than reimbursement of ABN’s payment of the subject property’s real estate taxes. Upon reinstatement, ABN would advise credit reporting agencies to remove any negative credit report against the Oparajis. The Oparajis agreed to reimburse ABN, within 30 days of written demand therefor with proof of payment, for the real property taxes it had paid.
In April 2008, plaintiffs commenced this action, seeking to recover $25,000 on each of the following claims: breach of fiduciary duty, fraud, civil theft, negligence, unfair trade and business practice, deceptive and negligent misrepresentation, verbal abuse and harassment, breach of contract, intentional infliction of emotional distress, and negligent failure to provide adequate hiring and training. Thereafter, plaintiffs made various requests and discovery demands, which were the subject of extensive motion practice. On or about August 22, 2011, plaintiffs served a document entitled “supplemental demands for discovery and inspection.” On September 29, 2011, plaintiffs moved to, among other things, compel defendant to comply with their discovery demands. Defendant opposed the motion, and, by order dated November 15, 2011, the Civil Court (Rudolph E. Greco, Jr., J.), while noting that defendant appeared to have complied with plaintiffs’ discovery demands by giving responses to plaintiffs’ supplemental demands, granted plaintiffs’ motion to the extent of giving defendant a further opportunity to comply “to the extent they [sic] wish to amend and/or supplement their [sic] responses.”
*28 Thereafter, plaintiffs moved to strike defendant’s answer based upon outstanding discovery, which motion defendant opposed. By order dated May 4, 2012, the Civil Court (Cheree A. Buggs, J.) granted plaintiffs’ motion to the extent of directing defendant, within 15 days of the date the order was served with notice of entry, to provide responses to a specified question in plaintiffs’ demand for a bill of particulars and to three specified questions listed in plaintiffs’ supplemental demand for discovery and inspection. The order directed plaintiffs to serve defendant with a copy of the order with notice of entry within 20 days and provided that defendant’s failure to comply with the order would result in its preclusion from offering any evidence at trial.
On May 11, 2012, defendant moved to, among other things, strike the complaint or preclude plaintiffs from offering evidence at trial, pursuant to CPLR 3126, for plaintiffs’ failure to comply with defendant’s discovery demands, or, in the alternative, to compel disclosure pursuant to CPLR 3124. Plaintiffs opposed the motion. By order dated May 24, 2012, the Civil Court (Cheree A. Buggs, J.) denied the motion “without prejudice” because defendant had failed to demonstrate that it had actually mailed any demands for discovery. Although the affidavits of service for defendant’s discovery demands were annexed to defendant’s motion, the affidavits left blank the date of service of such demands.
By notice of motion dated May 16, 2012, defendant moved for summary judgment dismissing the complaint, asserting that plaintiffs’ causes of action were without merit and were not substantiated by any evidentiary support. An “affidavit of personal service” annexed to the motion papers indicates that, on May 16, 2012, a copy of the motion papers was served “upon the following at the address indicated below, by personally delivering a copy of the same and leaving it with a person authorized to receive service of legal papers” at: “Maurice and Ada Oparaji [followed by an address].”
In a supporting affidavit, Luke Kramme, one of defendant’s business operations analysts, described the circumstances which had led to the commencement of the foreclosure action against plaintiffs and to the January 29, 2008 stipulation of settlement (described above). Mr. Kramme asserted that, although plaintiffs had paid, pursuant to the stipulation of settlement, the sum of $23,387.04 to reinstate the loan, they had not complied with their stipulated obligation to reimburse ABN, defendant’s predecessor in interest, for the real property taxes ABN had paid, *29 notwithstanding ABN’s transmission to them, by overnight mail on April 11, 2008, of copies of two checks sent by ABN to the New York City Department of Finance in April 2007 to cover the real property taxes. Defendant argued that, since plaintiffs had failed to pay the negative escrow balance resulting from their failure to remit payments for the New York City real property taxes, as agreed to in the stipulation, defendant had sought to recover from plaintiffs that outstanding balance by advising them of their default through correspondence and telephone calls, which, plaintiffs erroneously contended, constituted harassment. Plaintiffs had refused to acknowledge the existence of the escrow account and to satisfy the outstanding balance, and continued to remit a lesser amount without satisfying the negative escrow balance, which led to a past-due status.
Plaintiffs submitted an “affidavit in opposition to defendant’s motion for summary judgment and in support of plaintiffs’ cross-motion,” dated May 23, 2012. In addition to opposing defendant’s motion for summary judgment, plaintiffs sought, among other things, partial summary judgment on the issue of liability, and to enforce Judge Buggs’ May 4, 2012 conditional order of preclusion. Plaintiff Maurice Oparaji offered no substantive opposition to defendant’s motion for summary judgment, but raised several procedural objections. He alleged that neither he, his wife, nor any other member of his family had received notice of defendant’s summary judgment motion. Although defense counsel had, one day prior to the return date, sent a copy of the motion to him via email, this was insufficient notice. He further noted that defendant had ignored both Judge Greco’s November 15, 2011 order and Judge Buggs’ May 4, 2012 conditional preclusion order, and that plaintiffs had not received any discovery from defendant pursuant thereto.
In reply, defense counsel stated that defendant had presented prima facie evidence warranting summary judgment dismissing the complaint and that plaintiffs had not substantively rebutted any of the factual issues raised by defendant. In response to plaintiffs’ contention that they had not been duly and timely served with a copy of defendant’s motion, defense counsel annexed the affidavit of service, described above, which was executed by the courier on May 16, 2012. Counsel further annexed an affirmation of Richard M. Babeck, described as an associate of the law firm, who stated that, on May 16, 2012, he had personally assembled the motion papers and handed the package containing the motion papers to the courier. In addition, *30 defense counsel stated that defendant had complied with all outstanding discovery requests and court orders.
By order entered July 17, 2012, the Civil Court (Anna Culley, J.) denied the branch of plaintiffs’ cross motion seeking enforcement of Judge Buggs’ May 4, 2012 conditional order of preclusion, finding that defendant had timely complied with the order and that preclusion was therefore unwarranted. The Civil Court further found that defendant had set forth sufficient proof to establish that, as part of the reinstatement of the mortgage loan, plaintiffs had agreed to satisfy the outstanding escrow balance that had been created by the payment by defendant’s predecessor in interest during the period that plaintiffs were in default, and that while plaintiffs had made payments to satisfy the current mortgage loan, these payments did not satisfy the outstanding escrow balance from 2008. Plaintiffs had been continuously late in making current escrow payments until April 20, 2011, when defendant had rejected their mortgage payments and deemed plaintiffs to be in default. The Civil Court concluded that, due to the outstanding escrow balance, defendant was within its right to reject plaintiffs’ mortgage payments. In view of the foregoing, and in light of the fact that plaintiffs had failed to submit any evidence to support the causes of action alleged in their complaint, the Civil Court denied the branch of plaintiffs’ cross motion seeking partial summary judgment and granted defendant’s motion for summary judgment dismissing the complaint.
Thereafter, plaintiffs moved for an order vacating the July 17, 2012 order and, upon such vacatur, denying defendant’s motion and granting their cross motion. In a supporting affidavit, plaintiff Ada Oparaji denied having been served with defendant’s summary judgment motion papers on May 16, 2012.
While the foregoing motion was pending, plaintiffs moved for an order: (1) vacating the July 17, 2012 order based on newly discovered evidence, pursuant to CPLR 5015 (a) (2), and based on fraud, misrepresentation and misconduct, pursuant to CPLR 5015 (a) (3); (2) upon such vacatur, granting plaintiffs’ cross motion for partial summary judgment and implicitly denying defendant’s motion for summary judgment; (3) precluding defendant from offering evidence at trial; (4) sanctioning defendant and its attorneys based upon their fraud, misrepresentation and misconduct; and (5) restoring the matter to the trial calendar. In his supporting affidavit, Maurice Oparaji stated that he had learned that Richard M. Babeck, of defense counsel’s *31 office, had been arrested on August 14, 2012 and charged with, among other things, practicing law without a license (Judiciary Law § 478). It was Mr. Babeck who had stated in an affirmation annexed to defendant’s reply papers submitted in further support of its summary judgment motion that, on May 16, 2012, he had personally assembled the summary judgment motion papers and handed the package containing the motion papers to the courier who had submitted the affidavit of service stating that he had personally delivered the motion papers to a person authorized to receive service of legal papers at plaintiffs’ address. Defendant opposed the motions, noting that Mr. Babeck had done none of the motion work on the case and had not signed any of the motion papers. The only document executed by Mr. Babeck was the affirmation stating that he had physically assembled the summary judgment motion papers and given them to the courier. There was no factual support for plaintiffs’ implication, based upon Mr. Babeck’s arrest, that defendant had procured the order granting summary judgment by “fraud, misrepresentation, or other misconduct” (CPLR 5015 [a] [3]). Plaintiffs had not shown that Mr. Babeck’s false claim to be an attorney is what enabled defendant to procure summary judgment in its favor. Maurice Oparaji submitted two reply affidavits.
By order entered January 2, 2013, the Civil Court (Anna Culley, J.) denied plaintiffs’ motions, on the ground that the relief sought therein was identical to issues previously raised by plaintiffs which had been decided in defendant’s favor in the July 17, 2012 order. In addition, the Civil Court stated that the alleged “newly discovered evidence” would not have produced a different result.
Plaintiff Maurice Oparaji’s appeal from so much of the May 24, 2012 order as denied “without prejudice” the branch of defendant’s motion seeking to strike so much of the complaint as was asserted by plaintiff Maurice Oparaji or preclude him from offering evidence at trial based upon his failure to comply with defendant’s discovery demands or, in the alternative, to compel disclosure, is dismissed, as plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Pepin v Jani, 101 AD3d 694 [2012]; Mortgage Elec. Registration Sys., Inc. v McDuffie, 33 AD3d 893 [2006]; Winn v Warren Lbr. Co., 11 AD2d 713 [I960]).
The July 17, 2012 order granted defendant’s motion for summary judgment dismissing the complaint and denied the branches of plaintiffs’ cross motion seeking partial summary *32 judgment and preclusion. We note that because plaintiff Maurice Oparaji’s arguments on appeal regarding the Civil Court’s denial of the branches of the cross motion seeking summary judgment and preclusion were made for the first time in his reply brief, his contentions with respect thereto are not properly before this court (see Boddie-Willis v Marziliano, 78 AD3d 978, 979 [2010]; Gartner v Unified Windows, Doors & Siding, Inc., 68 AD3d 815, 816 [2009]).
We reverse so much of the July 17, 2012 order as granted the branch of defendant’s motion seeking summary judgment dismissing so much of the complaint as was asserted by plaintiff Maurice Oparaji, as service of defendant’s motion for summary judgment was not done in accordance with statutory requirements. CPLR 2103 (c), governing service of papers on a party not represented by counsel, requires such party to be served by a method specified in CPLR 2103 (b) (1), (2), (4), (5) or (6). Among those methods, insofar as is relevant to this case, are service by delivery of the papers to the party personally (see CPLR 2103 [b] [1]) or by leaving the papers at the party’s residence within the state with a person of suitable age and discretion (see CPLR 2103 [b] [4]). The affidavit of service stated that, on May 16, 2012, the “notice of motion, attorney affirmation and annexed exhibits” were personally delivered to plaintiffs at their address by “leaving it with a person authorized to receive service of legal papers.” The language used in the affidavit of service to describe personal service is, therefore, improper. Even if we were to construe the language alleging service on a person “authorized to receive service” as meaning that service was upon “a person of suitable age and discretion,” the affidavit does not identify or even describe the person allegedly served (cf. CPLR 308 [2] [governing delivery of a summons upon “a person of suitable age and discretion,” which requires proof of service to “identify such person of suitable age and discretion”]). While, in general, the mere denial of receipt of motion papers, as claimed by plaintiffs herein, without more, is insufficient to rebut the presumption of proper service created by a proper affidavit of service (see generally Kihl v Pfeffer, 94 NY2d 118 [1999]), here, as the affidavit of service did not demonstrate that plaintiffs were validly served with the motion papers, that presumption of proper service never arose. Accordingly, so much of the July 17, 2012 order as granted the branch of defendant’s motion seeking summary judgment dismissing so much of the complaint as was asserted by plaintiff Maurice Oparaji is reversed and that branch of defendant’s motion is denied.
*33 In view of the foregoing, plaintiff Maurice Oparaji’s appeal from the above-stated portion of the January 2, 2013 order is dismissed as academic.
Pesce, P.J., Weston and Solomon, JJ, concur.