Ada Oparaji, Plaintiff and Maurice Oparaji, Appellant, 
against
Citibank, N.A., Doing Business as Citimortage, Inc., Also Known as Citigroup, Respondent.




Maurice Oparaji, appellant pro se.
Akerman Senterfitt, LLP (Jordan M. Smith, Esq.), for respondent.

Appeals from orders of the Civil Court of the City of New York, Queens County, entered August 18, 2014 (Jodi Orlow, J.), November 28, 2014 (Jodi Orlow, J.) and April 27, 2015 (Sally E. Unger, J.), respectively. The order entered August 18, 2014, insofar as appealed from and as limited by the brief, granted defendant's motion for, in effect, summary judgment dismissing so much of the complaint as was asserted by plaintiff Maurice Oparaji and denied his motion, in effect, for leave to reargue his prior cross motion to preclude defendant from offering evidence at trial, which cross motion had been denied in an order of the same court (Anna Culley, J.) dated July 16, 2012. The order entered November 28, 2014, insofar as appealed from, denied a motion by plaintiff Maurice Oparaji for leave to reargue his opposition to defendant's prior motion, in effect, for summary judgment dismissing so much of the complaint as was asserted by him. The order entered April 27, 2015, insofar as appealed from, denied the branch of a motion by plaintiff Maurice Oparaji seeking to compel defendant to produce the note and mortgage signed by plaintiffs, and the cross motion papers that had been submitted to the court on an initial motion that defendant had made for summary judgment dismissing the complaint.




ORDERED that so much of the appeal from the order entered August 18, 2014 as is from the portion thereof that denied plaintiff Maurice Oparaji's motion, in effect, for leave to reargue his prior cross motion to preclude defendant from offering evidence at trial, and the appeal from the order entered November 28, 2014, are dismissed, as no appeal lies from a denial of reargument; and it is further,
ORDERED that the order entered August 18, 2014, insofar as reviewed, and the order entered April 27, 2015, insofar as appealed from, are affirmed, without costs.
Plaintiffs commenced this action to recover damages for breach of a fiduciary duty, fraud, [*2]civil theft, negligence, unfair trade and business practice, deceptive and negligent misrepresentation, verbal abuse and harassment, breach of contract, intentional infliction of emotional distress, and negligent failure to provide adequate hiring and training.
By notice of motion dated May 16, 2012, defendant moved for summary judgment dismissing the complaint, asserting that plaintiffs' causes of action were without merit and were not substantiated by any evidentiary support. In an order entered July 17, 2012, the Civil Court (Anna Culley, J.), among other things, granted defendant's motion. On a prior appeal, this court, among other things, reversed so much of that order as granted the branch of defendant's motion seeking summary judgment dismissing the complaint insofar as asserted by Maurice Oparaji (appellant), on the ground that service of defendant's motion for summary judgment upon him was not done in accordance with statutory requirements (see 44 Misc 3d 25 [2014]).
Thereafter, by notice of motion returnable June 20, 2014, insofar as is relevant to this appeal, appellant moved, in effect, for leave to reargue his prior motion to preclude defendant from offering evidence at trial. Defendant separately moved, in effect, for summary judgment dismissing so much of the complaint as was asserted by appellant. The affidavit of service of the motion for summary judgment contained an allegation, among others, that the "Notice of Motion" was served upon appellant.
By order entered August 18, 2014, the Civil Court (Jodi Orlow, J.) granted defendant's motion, in effect, for summary judgment dismissing so much of the complaint as was asserted by appellant and denied appellant's motion, in effect, for leave to reargue his prior cross motion to preclude defendant from offering evidence at trial. Thereafter, appellant moved for leave to, among other things, reargue his opposition to defendant's motion, in effect, for summary judgment dismissing so much of the complaint as was asserted by him. By order entered November 28, 2014, the Civil Court (Jodi Orlow, J.), in effect, denied leave to reargue.
Thereafter, appellant moved to compel defendant to produce the mortgage and note signed by him dated October 24, 2003, as well as his cross motion papers to defendant's first motion for summary judgment. By order entered April 27, 2015, the Civil Court (Sally E. Unger, J.) denied the branch of the motion seeking to compel the production of the mortgage and note, upon the ground that the action had been dismissed and, in any event, that the mortgage and note being sought for production were not related to the instant action, and denied as moot the branch of the motion seeking to compel defendant to produce the cross motion papers. The court noted that those papers had been produced in open court and certified by the court as originals.
So much of the appeal from the order entered August 18, 2014 as is from the portion thereof that denied appellant's motion, in effect, for leave to reargue his prior cross motion to preclude defendant from offering evidence at trial and the appeal from the order entered November 28, 2014 are dismissed, as no appeal lies from the denial of reargument (see Bermudez v City of New York, 66 AD3d 724 [2009]; Malik v Campbell, 289 AD2d 540 [2001]).
We do not consider appellant's contention that defendant's motion for summary judgment had not been properly served upon him on the ground that he was served with only the "Notice of Motion" without supporting papers, as that claim is made for the first time on appeal. In any event, appellant conceded, in his affidavit in opposition to the motion, that he had received the "summary judgment papers," and in those opposition papers he referred to the supporting affidavit of defendant's Business Operations Analyst and the exhibits annexed thereto. Since [*3]appellant opposed the motion on the merits, the alleged defect in the affidavit of service was a mere irregularity that did not result in substantial prejudice to him (see CPLR 2103; Jones v LeFrance Leasing L.P., 81 AD3d 900 [2011]).
We reject appellant's contention that defendant was not permitted to make a second motion for summary judgment, as, in view of the lack of service upon him of the first motion, that motion is deemed not to have been made.
In our view, the Civil Court properly determined that defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint and that appellant did not raise a triable issue of fact in opposition (see Grant v City of New York, 109 AD3d 961, 963 [2013]; Allan v DHL Express [USA], Inc., 99 AD3d 828, 832 [2012]).
The remaining contention on appeal, regarding the order entered April 27, 2015 denying appellant's motion to compel defendant to produce the mortgage, note and cross motion papers, lacks merit.
Accordingly, so much of the appeal from the order entered August 18, 2014 as is from the portion thereof that denied appellant's motion, in effect, for leave to reargue his prior cross motion to preclude defendant from offering evidence at trial, and the appeal from the order entered November 28, 2014, are dismissed, and the order entered August 18, 2014, insofar as reviewed, and the order entered April 27, 2015, insofar as appealed from, are affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: May 19, 2017