■ JOHN G. MANOS, Respondent, v INTERBANK OF NEW YORK et al., Appellants, et al., Defendant. [608 NYS2d 691] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated April 21, 1992, which denied the motion of the defendants other than Stylianos S. Zavvos to compel arbitration.

Ordered that the order is affirmed, with costs.

In order to compel a party to arbitrate pursuant to a contractual agreement there must be "no substantial question [as to] whether a valid agreement was made or complied with" (CPLR 7503 [a]). In the event such question is raised, it is for the court to adjudicate (CPLR 7503 [a]). The appellants claimed that an employment agreement that was executed by the plaintiff was invalid on the ground that a condition precedent to the contract was never satisfied. The alleged employment agreement included an arbitration provision. Because the appellants denied the validity of the entire employment agreement, the issue of whether a condition precedent has been satisfied is for the courts to determine *(see, Matter of Cassone,* 63 NY2d 756, 759). If it is determined that a valid contract exists, the appellants will be entitled to arbitration. However, we do not reach the issue of whether the plaintiff's discrimination claim is arbitrable. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.