◾ RICHARD SILVER, Respondent, v ROD GILBERT et al., Appellants. [776 NYS2d 867]—

In an action, inter alia, to rescind a lease, the defendants appeal from a judgment of the Supreme Court, Westchester County (R.J. Freidman, J.), dated June 27, 2003, which, upon a decision of the same court dated June 12, 2003, made after a nonjury trial, rescinded the lease, dismissed their counterclaims, and is in favor of the plaintiff and against them in the principal sum of $8,100.

Ordered that the judgment is reversed, on the law and the facts, with costs, the complaint is dismissed, the counterclaims are reinstated and severed, and the matter is remitted to Supreme Court, Westchester County, for further proceedings consistent herewith.

On October 25, 2001, the parties entered into a lease, effective November 1, 2001, pursuant to which the plaintiff, as tenant, agreed to procure a $2 million liability insurance policy naming the defendants, the landlords, as additional insureds. The lease specifically provided that the plaintiff was to obtain the policy before taking possession of the premises. The plaintiff did not obtain the policy, and on November 5, 2001, the plaintiff informed the defendants of his intention not to proceed with the lease. Thereafter, the plaintiff commenced this action, inter alia, to rescind the lease.

The plaintiff failed to establish, by clear and convincing evidence, that rescission of the lease was warranted based on either the parties' mutual mistake or on the plaintiff's unilateral mistake concerning his ability to obtain the required insurance policy (*see Almap Holdings v Bank Leumi Trust Co. of N.Y.*, 196 AD2d 518 [1993]). As such, the Supreme Court improperly rescinded the lease and entered judgment in favor of the plaintiff.

Since the defendants established that the plaintiff breached the lease by failing to obtain the required insurance policy, the matter must be remitted to the Supreme Court, Westchester County, for a determination of the amount of damages sustained, if any, on the defendants' counterclaims. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.