■ MICHAEL A. ALLEN et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [913 NYS2d 661]—

In an action to recover supplementary underinsured motorist benefits under a policy of automobile liability insurance, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 26, 2010, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiffs correctly contend that the defendant was obligated to give notice of its disclaimer of coverage based on the proffered policy exclusion (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185 [2000]), and that said notice was required to be given "as soon as [was] reasonably possible" under the circumstances (Insurance Law § 3420 [d] [2]; *see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]; *Tex Dev. Co., LLC v Greenwich Ins. Co.*, 51 AD3d 775, 778 [2008]). However, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, since they did not come forward with any evidence demonstrating whether and, if so, when, their claim letter was sent to the defendant. In this regard, the affirmation of counsel submitted in support of the motion lacked probative value because it was not based on personal knowledge (*see* CPLR 3212 [b]; *Shickler v Cary*, 59 AD3d 700 [2009]; *Noel v L & M Holding Corp.*, 35 AD3d 681 [2006]). Absent evidence of such notification, the plaintiffs did not show when the defendant first learned of the claim, and thus failed to establish, as a matter of law, that the defendant's notice of disclaimer was untimely. Accordingly, the plaintiffs failed to sustain their initial burden on the motion,

requiring the denial of the motion without regard to the sufficiency of the defendant's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Sarafolean v Accomplice N.Y.*, 74 AD3d 1310, 1311 [2010]; *Franco v Kaled Mgt. Corp.*, 74 AD3d 1142, 1143 [2010]).

The plaintiffs' remaining contentions regarding the notice of disclaimer are without merit.

In view of the foregoing, we need not consider the defendant's remaining contentions. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.