■ WEST VERNON PETROLEUM CORP., Appellant-Respondent, v SINGER HOLDING CORP., Defendant, and ALMEIDA OIL CO., INC., et al., Respondents-Appellants. [961 NYS2d 207]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered April 5, 2010, as denied those branches of its motion which were for summary judgment on the sixth, seventh, and eighth causes of action of the amended complaint and dismissing subpart (b) of the fourth counterclaim of the defendants Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida, and the defendants Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the plaintiff's motion which were for summary judgment on the fifth cause of action of the amended complaint, dismissing their tenth counterclaim, and on the plaintiff's request for an award of an attorney's fee to the extent of determining that the plaintiff is entitled to the award of a reasonable attorney's fee and directing a hearing to determine the appropriate amount.

Ordered that the cross appeal from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the fifth cause of action of the amended complaint and dismissing the tenth counterclaim of the defendants Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as reviewed on the

cross appeal, and that branch of the plaintiff's motion which was for summary judgment on its request for an award of an attorney's fee is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida.

The cross appeal from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the fifth cause of action of the amended complaint and dismissing the tenth counterclaim of the defendants Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action on November 5, 2010 (see Matter of Aho, 39 NY2d 241, 248 [1976]), which, among other things, severed the sixth, seventh, and eighth causes of action of the amended complaint, the plaintiff's request for an award of an attorney's fee, and subpart (b) of the fourth counterclaim of those defendants. The issues raised on the cross appeal from those portions of the order are brought up for review and have been considered on a related appeal from the judgment entered November 5, 2010 (see CPLR 5501 [a] [1]; West Vernon Petroleum Corp. v Singer Holding Corp., 103 AD3d 627 [2013] [decided herewith]).

The plaintiff owns an onshore oil terminal in Mount Vernon, New York, licensed by the New York State Department of Environmental Conservation (hereinafter the DEC) as a major petroleum facility. Effective May 7, 2001, the plaintiff entered into a license agreement with the defendant Almeida Oil Co., Inc. (hereinafter Almeida Oil), whereby Almeida Oil licensed an interest in the terminal from the plaintiff in exchange for the payment of certain licensing fees. The defendants Robert F. Almeida and Robert B. Almeida executed a guaranty of payment for sums due from Almeida Oil under the agreement. By letter agreement dated May 7, 2001, Almeida Oil designated the defendant West Vernon Energy Corp. to be the corporate entity which would be the licensee under the license agreement, as well as the operator of the terminal.

In February 2004, the plaintiff sent Almeida Oil a notice of default under the license agreement. It then commenced this action to recover damages for breach of contract against, among others, Almeida Oil, West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida (hereinafter collectively the Almeida defendants). Insofar as relevant here, the amended complaint asserts causes of action to recover certain licensing

fees, costs and expenses of insurance premiums, and costs and expenses of repair work allegedly necessitated by the Almeida defendants' failure to properly maintain the licensed premises, and also sought the award of an attorney's fee. The Almeida defendants asserted numerous counterclaims, including subpart (b) of the fourth counterclaim, which was to recover insurance payments for a repair to the boiler, and the tenth counterclaim, which was for reformation, on the ground of mutual mistake, of a provision of the license agreement related to additional licensing fees.

The plaintiff moved for summary judgment (a) on the fifth cause of action in the amount of $603,727.19, plus interest; (b) on the sixth, seventh, and eighth causes of action in the amount of $742,546.71 plus interest; (c) dismissing the Almeida defendants' counterclaims; and (d) awarding an attorney's fee in an amount to determined at a hearing. The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the fifth cause of action, dismissing the counterclaims other than subpart (b) of the fourth counterclaim, and on the plaintiff's request for an award of an attorney's fee to the extent of determining that the plaintiff is entitled to an award of a reasonable attorney's fee and directing a hearing to determine the appropriate amount of those fees. The plaintiff appeals, and the Almeida defendants cross-appeal, from stated portions of the order.

The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the sixth and seventh causes of action of the amended complaint. The plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the license agreement, as modified by a stipulation of the parties, obligated the Almeida defendants to pay a percentage of the costs and expenses of "proper insurance," and the amounts paid for insurance on the licensed premises during the relevant periods of time. In opposition, the Almeida defendants raised triable issues of fact as to what types of insurance constituted "proper insurance" under the license agreement, and as to whether the plaintiff frustrated their attempts to procure property insurance in accordance with the license agreement and the stipulation.

The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the eighth cause of action of the amended complaint. The plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the license agreement obligated the Almeida defendants to pay the costs and expenses of

maintaining the licensed premises and maintaining the validity of certain DEC manuals and permits. It also established that the DEC directed certain repair work to be completed, along with the amounts paid for repair work actually done to the licensed premises. Contrary to the Almeida defendants' contention, evidence as to directives made by the DEC is admissible to establish that such directives were made (*see People v Clark*, 95 NY2d 773 [2000]; *Gelpi v 37th Ave. Realty Corp.*, 281 AD2d 392 [2001]; Jerome Prince, Richardson on Evidence § 8-105 [Farrell 2008]). However, viewing the evidence in the light most favorable to the Almeida defendants (*see Schaffe v SimmsParris*, 82 AD3d 867 [2011]), they raised a triable issue of fact as to whether all of the work undertaken was contemplated in the license agreement and, thus, within their contractual obligation, given the schedule of 10-year inspections and the term of the license agreement (*see* 6 NYCRR 613.6 [b] [1] [iv]).

In addition, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing subpart (b) of the Almeida defendants' fourth counterclaim. The plaintiff failed to meet its burden of establishing its prima facie entitlement to judgment as a matter of law, and, therefore, the burden did not shift to the Almeida defendants to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Allen v Allstate Ins. Co.*, 78 AD3d 872 [2010]).

The Supreme Court erred, however, in determining that, pursuant to the letter agreement dated May 7, 2001, the plaintiff is entitled to an award of an attorney's fee incurred in the action. The indemnification provision of the letter agreement does not make it "unmistakably clear" that the parties intended it to cover attorneys' fees incurred in litigation between them (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]; *see Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203, 204 [2010]; *Parkway Pediatric & Adolescent Medicine LLC v Vitullo*, 72 AD3d 1513 [2010]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.