■ WEST VERNON PETROLEUM CORP., Appellant-Respondent, v SINGER HOLDING CORP., Defendant, and ALMEIDA OIL CO., INC., et al., Respondents-Appellants. [959 NYS2d 249]—

In an action to recover damages for breach of contract, the plaintiff appeals (1) from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered October 1, 2010, as denied its application for prejudgment interest prior to August 7, 2009, and (2) from so much of a judgment of the same court, entered November 5, 2010, as, upon an order of the same court entered April 5, 2010, granting those branches of its motion which were for summary judgment on the fifth cause of action of the amended complaint and dismissing the tenth counterclaim of the defendants Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida, and upon an order of the same court entered October 1, 2010, inter alia, upon renewal, adhering to its original determination in the order entered April 5, 2010, is in favor of it and against those defendants awarding it the sum of only $64,900.68 in

prejudgment interest, and those defendants cross-appeal from the same judgment, which is in favor of the plaintiff and against them jointly and severally in the principal sum of $603,737.19, plus prejudgment interest in the sum of $64,900.68.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the fifth cause of action of the amended complaint and dismissing the tenth counterclaim of the defendants Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida are denied, the order entered April 5, 2010, is modified accordingly, the order entered October 1, 2010, made, in part, upon renewal, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the defendants Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida.

The underlying facts are described in our decision and order on a related appeal (*see West Vernon Petroleum Corp. v Singer Holding Corp.*, 103 AD3d 623 [2013] [decided herewith]). After the Supreme Court granted, in part, the plaintiff's motion for summary judgment, the plaintiff submitted, for settlement, signature, and entry, a proposed judgment in its favor on the fifth cause of action of the amended complaint. Almeida Oil Co., Inc., West Vernon Energy Corp., Robert F. Almeida, and Robert B. Almeida (hereinafter collectively the Almeida defendants) submitted a counter-proposed judgment. In an order entered October 1, 2010, the Supreme Court, in relevant part, rejected both proposed judgments, with leave to submit a revised proposed judgment in accordance with its determination that prejudgment interest should be awarded from August 7, 2009. Judgment was then entered in favor of the plaintiff and against the Almeida defendants in the principal sum of $603,737.19, plus prejudgment interest of $64,900.68. All other causes of action were severed.

On its appeal, the plaintiff challenges, on the grounds of inadequacy, the award of only $64,900.68 in prejudgment interest. The Almeida defendants cross-appeal from the entire judgment.

The fifth cause of action of the amended complaint sought to recover payment of "additional license fees" referable to every gallon of petroleum products in excess of 40 million gallons sold at a particular terminal from the inception of the subject license agreement. The relevant provision of the license agreement

recited: "During the term of this license the licensee shall pay to the licensor $.0075 per gallon on all gallonage that exceeds 40 million gallons (defined as all products sold). The additional license fee is to be paid together with the license fee on the 7th day of the month following that when billed." The term of the license was defined as two years, with one five-year renewal option.

"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009], quoting *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Contrary to the Almeida defendants' contention, the Supreme Court properly determined that the additional license fee provision unambiguously provided for payment on all gallonage exceeding 40 million gallons during the term of the license, including the renewal period (*see Dime Sav. Bank of N.Y. v Montague St. Realty Assoc.*, 90 NY2d 539, 543 [1997]; *Kunze v Arito, Inc.*, 48 AD3d 272 [2008]). Accordingly, the plaintiff established its entitlement to judgment as a matter of law by demonstrating that no additional license fees were paid, and by submitting documentation of the gallonage sold above 40 million gallons during the term of the license agreement.

However, the Almeida defendants raised a triable issue of fact as to whether the language of the additional license fee provision was a product of the parties' mutual mistake, as alleged in their tenth counterclaim, which was for reformation of the provision. Contrary to the plaintiff's contention, the Almeida defendants did not abandon this defense, as they raised it in opposition to the plaintiff's initial motion.

Mutual mistake may furnish the basis for the reformation of a written agreement where the signed writing does not express the actual agreement of the parties (*see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *Harris v Uhlendorf*, 24 NY2d 463 [1969]). Parol evidence is admissible to establish the actual agreement. There is a heavy presumption that the executed agreement reflects the true intention of the parties, and a correspondingly high order of evidence is required to overcome the presumption (*see Chimart Assoc. v Paul*, 66 NY2d at 574; *George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219-220 [1978]). Thus, "[w]here a written agreement between sophisticated, counseled business[persons] is unambiguous on its face, one party cannot defeat summary judgment by a conclusory as-

sertion that, owing to mutual mistake or fraud, the writing did not express his [or her] own understanding of the oral agreement reached during negotiations" (*Chimart Assoc. v Paul*, 66 NY2d at 571).

Here, the Almeida defendants contend that both parties intended the 40-million-gallon threshold set forth in the additional license fee provision to be measured annually, as opposed to over the term of the license agreement. In their submissions, the Almeida defendants offered more than a mere conclusory assertion of this intent. Robert B. Almeida affirmed that, throughout negotiations, it was clearly and explicitly discussed between the plaintiff's president, Harvey Wiles, and himself that the additional license fee provision was based on a per-annum basis, and not a cumulative basis. The drafts of the license agreement exchanged between the parties show that the additional license fee provision was unaffected by numerous changes made to the length of the renewal period. Further, there was evidence that the plaintiff intended the license agreement to represent a 10% increase in value to it over a competing offer to license the terminal that was made by Singer Holding Corp., which was for a term of 10 years, but contained a similar additional license fee provision. This evidence was sufficient to raise a triable issue of fact as to whether the parties actually intended that the additional license fee provision was to be measured annually, and whether its drafting was the product of mutual mistake. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the fifth cause of action of the amended complaint and dismissing the Almeida defendants' tenth counterclaim.

In light of the foregoing, the resulting judgment must be reversed and the matter remitted to the Supreme Court, Westchester County, for further proceedings on the fifth cause of action and the Almeida defendants' tenth counterclaim.

In light of our determination, the parties' contentions regarding prejudgment interest have been rendered academic. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.