Eshaghian v Eshaghian (2019 NY Slip Op 01743)





Eshaghian v Eshaghian


2019 NY Slip Op 01743


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00746
 (Index No. 708532/14)

[*1]Mahrokh Eshaghian, etc., et al., appellants-respondents,
v
David Eshaghian, respondent-appellant.


Vishnick McGovern Milizio LLP, Lake Success, NY (Jordan M. Freundlich of counsel), for appellants-respondents.
Davidoff Hutcher & Citron, LLP, New York, NY (Malcolm S. Taub of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered January 12, 2017. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the complaint and, insofar as cross-appealed from, denied the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, and the plaintiffs' motion for summary judgment on the complaint is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
Eshagh Eshaghian and his brother, the defendant David Eshaghian, were each 50% owners of the plaintiff Yorktown 82nd Associates, LLC (hereinafter Yorktown). Eshagh died on May 5, 2003, and the plaintiffs Mahrokh Eshaghian and Tanaz Eshaghian, as co-executors of his estate, commenced a proceeding in the Surrogate's Court, Queens County, against David, inter alia, for a determination that David wrongfully took possession of Yorktown's assets after Eshagh's death. That proceeding was discontinued pursuant to a stipulation of settlement dated November 9, 2011, in which David agreed, inter alia, "not [to] seek an Award of . . . counsel fees in or relating to this Proceeding." In or around January 2014, David, purportedly acting pursuant to an indemnification provision in Yorktown's limited liability company operating agreement (hereinafter operating agreement), reimbursed himself in the amount of $353,385.67 from Yorktown's assets for the legal fees incurred in defending the Surrogate's Court proceeding. Yorktown's operating agreement provides, in pertinent part, that Yorktown "shall, to the extent of its assets . . . indemnify the Members against, and agree to hold, save, and defend the Members wholly harmless from, any liability, claim, cause of action, loss, expense, or damage (including, without limitation, reasonable attorney's fees and expenses and court costs actually incurred) suffered or incurred by such party by reason of anything either Member may in good faith do or refrain from doing for or on behalf of [*2][Yorktown]."
In November 2014, Mahrokh and Tanaz commenced this action in their capacity as co-executors of Eshagh's estate and derivatively on behalf of Yorktown for a determination that David had wrongfully reimbursed himself for the costs of defending the prior Surrogate's Court proceeding, and for an award of $353,385.67 in Yorktown's favor. Mahrokh and Tanaz moved for summary judgment on the complaint, arguing, inter alia, that David had breached the stipulation of settlement or, in the alternative, that Yorktown's operating agreement did not provide indemnification to David for costs incurred in defending the Surrogate's Court proceeding, which was, at its essence, a dispute between members of Yorktown rather than a suit commenced by a third party against David in his capacity as a member of Yorktown. David cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and the cross motion, finding that there were triable issues of fact as to whether David breached the stipulation of settlement. Mahrokh and Tanaz appeal, and David cross-appeals. For the reasons that follow, we reverse insofar as appealed from and affirm insofar as cross-appealed from, and award summary judgment to Mahrokh and Tanaz on the complaint.
Mahrokh and Tanaz established their prima facie entitlement to judgment as a matter of law on the complaint. "Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 492). Here, the indemnification clause in Yorktown's operating agreement "is typical of those [indemnification agreements] which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim" (id. at 492). However, since such an indemnification agreement does not make it "unmistakably clear" that the parties intended for Yorktown to indemnify members for suits brought by other members, David was not entitled to indemnification for the costs of defending the Surrogate's Court proceeding (see id.; West Vernon Petroleum Corp. v Singer Holding Corp., 103 AD3d 623, 626; Parkway Pediatric & Adolescent Medicine LLC v Vitullo, 72 AD3d 1513, 1513). In opposition, David failed to raise a triable issue of fact. Further, we agree with the Supreme Court's determination denying David's cross motion for summary judgment dismissing the complaint.
Accordingly, Mahrokh and Tanaz were entitled to summary judgment on the complaint. In light of our determination, we need not determine whether David violated the stipulation of settlement by seeking indemnification pursuant to Yorktown's operating agreement.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court