Perlbinder v Vigilant Ins. Co. (2021 NY Slip Op 00439)





Perlbinder v Vigilant Ins. Co.


2021 NY Slip Op 00439


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-09037
2021-00171
 (Index No. 607579/15)

[*1]Barton Mark Perlbinder, respondent,
v
Vigilant Insurance Company, etc., et al., appellants.


Rosner Nocera & Ragone, LLP, New York, NY (John A. Nocera, John P. Foudy, and Justin V. Buscher of counsel), for appellants.
Eiseman Levine Lehrhaupt & Kakoyiannis, P.C., New York, NY (Michael E. Twomey, Granger & Associates, LLC, and Edward Burke, Jr. and Associates, LLC, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated June 6, 2017. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the first cause of action, which alleged breach of contract, and denied those branches of the defendants' cross motion which were pursuant to CPLR 3211(a) to dismiss the fourth cause of action, which alleged violation of General Business Law § 349, and the plaintiff's demands for punitive damages and damages for emotional distress.
ORDERED that the notice of appeal from so much of the order as granted the plaintiff's motion for summary judgment on the first cause of action is deemed to be from a judgment of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered July 25, 2017, which is in favor of the plaintiff and against the defendant on the first cause of action (see CPLR 5512[a]); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' cross motion which was pursuant to CPLR 3211(a) to dismiss the plaintiff's demand for damages for emotional distress, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2012, the plaintiff's house was damaged by Hurricane Sandy. At the time, the plaintiff had a homeowners insurance policy issued by the defendant Vigilant Insurance Company, which is a member of the defendant Chubb & Son, Inc (hereinafter Chubb). Following the occurrence, the plaintiff filed a claim with the defendants under the policy for the losses he [*2]sustained as a result of the damage. In 2014, at the plaintiff's request, the parties participated in a mediation program established by the New York State Department of Financial Services. On October 24, 2014, the parties signed a written settlement agreement requiring the defendants to pay the plaintiff $1.6 million within 21 days as a "final payment" to settle all of his claims that were brought to mediation. Thereafter, the defendants tendered the sum of $410,195.51 to the plaintiff, asserting that the $1.6 million settlement amount set forth in the settlement agreement was inclusive of $1,189,804.49 in total payments they had previously made to him and that they were required to pay him only the balance. The plaintiff rejected the payment.
The plaintiff then commenced the instant action seeking to recover, inter alia, damages for breach of the settlement agreement. He also asserted causes of action alleging deceptive conduct in violation of General Business Law § 349, and bad faith settlement practices in violation of Insurance Law § 2601 and 11 NYCRR 216.13(f)(1) and, apparently, the defendants' implied duty of good faith and fair dealing under the policy. The plaintiff sought to recover punitive damages and damages for emotional distress in addition to compensatory damages. In their answer, the defendants asserted a counterclaim for rescission of the settlement agreement.
The plaintiff moved for summary judgment on the cause of action alleging breach of the settlement agreement. The defendants opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the cause of action alleging violation of General Business Law § 349 and so much of the complaint as sought punitive damages and damages for emotional distress. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
We agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the cause of action alleging breach of the settlement agreement. The plaintiff demonstrated his prima facie entitlement to such relief through the agreement, which unambiguously obligated the defendants to pay the plaintiff $1.6 million within 21 days as a "final payment" in settlement of the claims he brought to mediation and made no mention of deducting any prior payments; his own affidavit stating that, consistent with the written agreement, he understood the parties to have agreed that Chubb would pay him $1.6 million in addition to its prior payments, and that he would not have signed the agreement had it provided otherwise; and evidence that the defendants had failed to make the $1.6 million payment.
In opposition, the defendants failed to raise a triable issue of fact as to whether the settlement agreement was subject to rescission on the ground of mutual mistake in that the parties agreed to terms other than those contained in the writing, namely, that the $1.6 million figure was inclusive of the $1,189,804.49 payments the defendants had previously made to the plaintiff in connection with his claim. A mutual mistake may furnish the basis for rescission of a written agreement where the signed writing does not express the actual agreement of the parties (see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453; County of Orange v Grier, 30 AD3d 556, 556-557). Contrary to the plaintiff's contention, extrinsic evidence may be considered to show that an agreement although unambiguous on its face does not accurately reflect what the parties intended at the time and should be reformed or rescinded on that ground (see Chimart Assoc. v Paul, 66 NY2d 570, 573; Jerome M. Eisenberg, Inc. v Hall, 147 AD3d 602; West Vernon Petroleum Corp. v Singer Holding Corp., 103 AD3d 627, 629-630; D'Agostino v Harding, 217 AD2d 835, 837). However, because of the import which is given to a person's assent to any agreement, "to overcome the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties, evidence of a very high order is required" (George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219). The right to rescission or reformation must be proved by clear and convincing evidence (see id. at 219; Silver v Gilbert, 7 AD3d 780, 781; Surlak v Surlak, 95 AD2d 371, 381). Thus, "[w]here a written agreement between sophisticated, counseled business [persons] is unambiguous on its face, one party cannot defeat summary judgment by a conclusory assertion that, owing to mutual mistake or fraud, the writing did not express his [or her] own understanding of the oral agreement reached during negotiations" (Chimart Assoc. v Paul, 66 NY2d at 571; see West Vernon Petroleum Corp. v Singer Holding Corp., 103 AD3d at 629-630).
Here, the defendants' evidence was insufficient to raise a triable issue of fact as to whether the parties agreed that the defendants would pay the plaintiff only an additional $410,195.51 to settle his claims and that the written settlement agreement was the product of mutual mistake (see Chimart Assoc. v Paul, 66 NY2d at 574-575; cf. West Vernon Petroleum Corp. v Singer Holding Corp., 103 AD3d at 630).
Contrary to the defendants' contention, they failed to raise a triable issue of fact as to whether the settlement agreement was subject to rescission on the ground of their unilateral mistake. Generally, a party's unilateral mistake is a ground for rescission of a contract only where it was induced by fraud or other wrongful conduct by the other party (see Matter of Kotick v Shvachko, 130 AD3d 472, 473; Thompson v McQueeney, 56 AD3d 1254, 1258; Goldberg v Manufacturers Life Ins. Co., 242 AD2d 175, 179; Long v Fitzgerald, 240 AD2d 971, 974; Surlak v Surlak, 95 AD2d at 384). Moreover, the equitable remedy of rescission is not available to relieve an allegedly mistaken party of the consequences of their failure to exercise ordinary care (see ATS-1 Corp. v Rodriguez, 156 AD3d 674, 676; 1810 E & J Rest. Corp. v Red & Blue Parrot, Inc., 150 AD3d 648, 649; William E. McClain Realty v Rivers, 144 AD2d 216, 218; Surlak v Surlak, 95 AD2d at 384). Here, the defendants submitted no evidence of fraud or other wrongful conduct on the plaintiff's part that induced them to sign the settlement agreement, or that the plaintiff was aware of their mistaken belief as what the agreement required. Moreover, they are sophisticated entities and their failure to read or understand the plain terms of the document strongly militates against the use of an equitable remedy to relive them of the consequences of their failure to exercise ordinary care.
We agree with the Supreme Court's determination to deny that branch of the defendants' cross motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging violation of General Business Law § 349. Contrary to the defendants' contention, the plaintiff sufficiently alleged deceptive conduct on their part that was "consumer-oriented," that is, conduct that might "potentially affect similarly situated consumers" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25, 27; see Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1088-1089; Wilner v Allstate Ins. Co., 71 AD3d 155, 164-165; Acquista v New York Life Ins. Co., 285 AD2d 73, 82; cf. Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y., 164 AD3d 860, 863; Genesco Entertainment, a Div. of Lymutt Industries, Inc. v Koch, 593 F Supp 743, 752 [SD NY]).
We agree with the Supreme Court's determination to deny that branch of the defendants' cross motion which was pursuant to CPLR 3211(a) to dismiss the plaintiff's demand for punitive damages. An alleged breach of the implied covenant of good faith and fair dealing may support an award of punitive damages (see 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d 665). Likewise, a claim for punitive damages may be asserted in the context of a cause of action predicated upon an alleged violation of General Business Law § 349 (see Karlin v IVF Am., 93 NY2d 282, 291; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 565; Wilner v Allstate Ins. Co., 71 AD3d at 167). Here, accepting his allegations as true and giving him the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87), the plaintiff's allegations were sufficient to state a claim for punitive damages based on the duty of good faith and fair dealing (see 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d at 667-668) and based on the defendants' alleged violation of General Business Law § 349 (see Ural v Encompass Ins. Co. of America, 97 AD3d at 565; Wilner v Allstate Ins. Co., 71 AD3d at 167).
However, the Supreme Court should have granted that branch of the defendants' cross motion which was to dismiss the plaintiff's demand for damages for emotional distress. A breach of a contractual duty does not create a right of recovery for damages for emotional distress (see Wehringer v Standard Sec. Life Ins. Co. of N.Y., 57 NY2d 757, 759). Here, the plaintiff alleges no facts giving rise to a relationship between him and the defendants apart from the insurance contract and settlement agreement. An alleged breach of the implied covenant of good faith and fair dealing does not support an award of damages for emotional distress (see Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1090-1091). Inasmuch as Insurance Law § 2601 serves to regulate insurers' performance of their contractual obligations rather than to create a separate duty of care and does not give rise to a private cause of action (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 317-[*3]318), the defendants' alleged violation of their obligations under Insurance Law § 2601 does not support a claim for damages for emotional distress.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court