Maynard v Smith (2022 NY Slip Op 04017)

Maynard v Smith

2022 NY Slip Op 04017

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2020-02129
 (Index No. 613849/18)

[*1]Kevin Maynard, respondent, 
v
Sydel Smith, appellant.

Sette & Apoznanski (James G. Bilello & Associates, Hicksville, NY [Alina Vengerov and Susan Mitola], of counsel), for appellant.
Siler & Ingber, LLP, Mineola, NY (Ronald D. Ingber of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered February 6, 2020. The order denied the defendant's motion pursuant to CPLR 7503(a) to compel arbitration.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 7503(a) to compel arbitration is granted.
On April 17, 2017, the plaintiff allegedly was injured in a motor vehicle accident in Nassau County. In July and August 2017, the plaintiff's attorney was notified twice in writing by the defendant's insurance carrier that the bodily injury limits were "100,000/$300,000." In October 2018, the plaintiff commenced this action against the defendant to recover damages for personal injuries allegedly sustained in the accident. In July 2019, the parties entered into an arbitration agreement which provided, inter alia, that any award would be restricted to "no less than $0.00 and no more than $50,000." The plaintiff's attorney thereafter refused to arbitrate, asserting that he had been mistaken as to the defendant's policy limits. In an order entered February 6, 2020, the Supreme Court denied the defendant's motion pursuant to CPLR 7503(a) to compel arbitration. The defendant appeals.
"In order to compel a party to arbitrate pursuant to a contractual agreement there must be 'no substantial question [as to] whether a valid agreement was made or complied with'" (Manos v Interbank of N.Y., 202 AD2d 403, 403, quoting CPLR 7503[a]). "In the event such question is raised, it is for the court to adjudicate" (Manos v Interbank of N.Y., 202 AD2d at 403).
"[T]he enforceability of arbitration agreements is governed by the rules applicable to contracts generally" (Sablosky v Gordon Co., 73 NY2d 133, 136; see Arboleda v White Glove Enter. Corp., 179 AD3d 632).
"Generally, a party's unilateral mistake is a ground for rescission of a contract only where it was induced by fraud or other wrongful conduct by the other party" (Perlbinder v Vigilant Ins. Co., 190 AD3d 985, 988). Moreover, "the equitable remedy of rescission is not available to relieve an allegedly mistaken party of the consequences of their failure to exercise ordinary care" (id. at 988; see ATS-1 Corp. v Rodriguez, 156 AD3d 674, 676; 1810 E & J Rest. Corp. v Red & Blue [*2]Parrot, Inc., 150 AD3d 648, 649; Rosin v Weinberg, 107 AD3d 682; Yorker v Daniel Yorker, Ltd., 12 AD3d 506).
Contrary to the plaintiff's contention, he failed to establish that the arbitration agreement was subject to the equitable remedy of rescission on the ground of unilateral mistake by his attorney regarding the policy limits (see Perlbinder v Vigilant Ins. Co., 190 AD3d at 988-989). The purported mistake in the high-low agreement at issue arose not from any fraudulent inducement by the defendant, but from the failure of the plaintiff's attorney to exercise ordinary care under the circumstances. Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 7503(a) to compel arbitration.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court