Belchikov v XTP Implementation Servs., Inc. (2025 NY Slip Op 02054)

Belchikov v XTP Implementation Servs., Inc.

2025 NY Slip Op 02054

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-06689
 (Index No. 62446/22)

[*1]Anna Belchikov, also known as Anna Dayn, appellant,
v
XTP Implementation Services, Inc., et al., respondents.

Dunning Rievman & MacDonald, LLP, New York, NY (Brian C. Dunning and Esther Romay Jove of counsel), for appellant.
Himmel & Bernstein, LLP, New York, NY (Tracey S. Bernstein and Andrew D. Himmel of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 13, 2023. The order granted the defendants' motion pursuant to CPLR 2201 and 7503(a) to compel arbitration and to stay the action pending arbitration.
ORDERED that the order is affirmed, with costs.
In July 2022, the plaintiff commenced this action against the defendants, XTP Implementation Services, Inc., XTP AG (a German Aktiengesellschaft), XTP AG (a Swiss Aktiengesellschaft) (hereinafter XTP AG Switzerland), Wolfram Klingler, Nikolai Dördrechter, and Philipp Henrich, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law. The defendants interposed an answer asserting, among other things, an affirmative defense alleging that the plaintiff's claims were subject to arbitration. Thereafter, the defendants moved pursuant to CPLR 2201 and 7503(a) to compel arbitration and to stay the action pending arbitration, based on a clause in an agreement (hereinafter the agreement) entered into between XTP AG Switzerland and the plaintiff's wholly owned company, Dayn Advisors, LLC (hereinafter Dayn Advisors). The plaintiff opposed. In an order dated April 13, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The Supreme Court properly granted the defendants' motion pursuant to CPLR 2201 and 7503(a) to compel arbitration and to stay the action pending arbitration, based on the arbitration clause in the agreement between XTP AG Switzerland and Dayn Advisors, under the direct benefits theory of estoppel. "[T]he enforceability of arbitration agreements is governed by the rules applicable to contracts generally" (Sablosky v Gordon Co., 73 NY2d 133, 136; see Maynard v Smith, 206 AD3d 900, 901).
Here, although the plaintiff did not sign the agreement in her individual capacity, she is bound by the arbitration clause in the agreement under the direct benefits theory of estoppel, as [*2]the allegations in the complaint show that she knowingly exploited the benefits of the agreement and received benefits flowing directly from that agreement (see Revis v Schwartz, 192 AD3d 127, 144-145, affd 38 NY3d 939; Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1141).
Contrary to the plaintiff's contention, the defendants did not waive the defense that the parties' dispute was subject to arbitration. The defendants' conduct in appearing in and defending this state court action was not inconsistent with the affirmative defense asserted in their answer that the plaintiff's claims were subject to arbitration (see Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66-67; Les Constrs. Beauce-Atlas, Inc. v Tocci Bldg. Corp. of N.Y.,Inc., 294 AD2d 409, 410).
In light of our determination, we need not reach the defendants' remaining contentions.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court