Smilen Realty 155, LLC v Fedorova (2025 NY Slip Op 05983)

Smilen Realty 155, LLC v Fedorova

2025 NY Slip Op 05983

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-05493
 (Index No. 522707/19)

[*1]Smilen Realty 155, LLC, appellant, 
v
Ganna Fedorova, et al., respondents.

Butnick & Levenson LLP, New York, NY (Stephane J. Avouac of counsel), for appellant.
Braverman & Greenspun P.C., New York, NY (Cheryl R. Ginsburg of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for reformation of a lease agreement, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated June 27, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first cause of action, for a judgment declaring that a renewal lease agreement is void based upon mutual mistake, and the second cause of action, for a judgment declaring that the renewal lease agreement is void based upon unilateral mistake, and, in effect, declaring that the renewal lease agreement is not void based upon mutual mistake or unilateral mistake.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the complaint and the entry thereafter of a judgment, inter alia, declaring that the renewal lease agreement is not void based upon mutual mistake or unilateral mistake.
The defendants are lessees of a rent-stabilized apartment located in Brooklyn and owned by the plaintiff. The defendants first entered into a residential lease agreement (hereinafter the original lease agreement) with the plaintiff on August 1, 2018. The rent amount in the original lease agreement was $2,117 per month, however, the defendants were initially charged a preferential rent of $1,800 per month.
On or about April 16, 2019, the plaintiff offered the defendants a renewal lease agreement, which provided the defendants with the option of a one-year term at $1,099.81 per month or a two-year term at $1,110.65 per month. The plaintiff did not discuss the terms of the renewal lease agreement with the defendants prior to the offer. The defendants elected to accept the two-year term. The defendants signed the renewal lease agreement and returned it to the plaintiff, which then executed it and returned a copy to the defendants. The renewal lease term commenced on August 1, 2019. The defendants paid the monthly rent for August and September 2019, which was accepted by the plaintiff.
After the plaintiff's acceptance of the lease payments, the defendants were contacted [*2]by the plaintiff's employees, who told the defendants that the plaintiff wanted to increase the monthly rent to $2,148.76 but that the defendants, under a proposed amended lease agreement, would pay $1,800 per month. The defendants declined to sign the proposed amended lease agreement.
The plaintiff commenced this action, among other things, for reformation of the renewal lease agreement and for a judgment declaring that the renewal lease agreement is void either because of the mutual mistake of the parties in fixing the rent or because of the unilateral mistake of the plaintiff in setting the rent in the renewal lease agreement. The defendants moved, inter alia, for summary judgment dismissing the first cause of action, for a judgment declaring that a renewal lease agreement is void based upon mutual mistake, and the second cause of action, for a judgment declaring that the renewal lease agreement is void based upon unilateral mistake, and, in effect, declaring that the renewal lease agreement is not void based upon mutual mistake or unilateral mistake. In an order dated June 27, 2022, the Supreme Court, among other things, granted those branches of the defendants' motion. The plaintiff appeals.
"'The right to rescission or reformation must be proved by clear and convincing evidence'" (Perlbinder v Vigilant Ins. Co., 190 AD3d 985, 988, quoting George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219). "'[T]o overcome the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties, evidence of a very high order is required'" (id., quoting George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d at 219).
To obtain reformation of an agreement based on mutual mistake, a party must show that the "writing does not express the actual agreement of the parties" (id. at 987). Here, the Supreme Court properly determined that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action. The defendant Ganna Fedorova submitted an affidavit demonstrating that there was no discussion or negotiations prior to the plaintiff tendering the renewal lease agreement to the defendants. As such, there is no evidence to show that the renewal lease agreement does not express the actual agreement of the parties. There was no agreement prior to the offering of the renewal lease agreement, simply an offer and acceptance. In opposition, the plaintiff failed to submit any evidence showing that discussions or negotiations had taken place between the parties prior to its tender of the renewal lease agreement. Under these circumstances, the plaintiff, as the proponent of reformation of the renewal lease agreement, has not demonstrated "the particulars of the actual agreement intended by the parties" (Friedland Realty, Inc. v 416 W, LLC, 120 AD3d 1185, 1187), and accordingly, the court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action. The evidence demonstrates that the improper rent contained in the renewal lease agreement was the product of the plaintiff's negligence and lack of ordinary care in finding the mistake. To obtain reformation of an agreement based on unilateral mistake, it must be shown that the agreement has been induced by fraud or other wrongful conduct by the other party (see Perlbinder v Vigilant Ins. Co., 190 AD3d at 988-989; see also Nash v Kornblum, 12 NY2d 42; 257 Park Ave. Assoc. v Music Sales Corp., 24 AD3d 371, 372). Here, the plaintiff proffered no evidence that the defendants fraudulently induced the plaintiff into making its mistake. Moreover, "[c]ourts will generally not vacate agreements on the ground of unilateral mistake where the mistake was the result of negligence or the failure to exercise ordinary care" (ATS-1 Corp v Rodriguez, 156 AD3d 674, 676; see U.S. Legal Support, Inc. v Eldad Prime, LLC, 125 AD3d 486, 487).
The plaintiff's remaining contention need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for further proceedings on the complaint and the entry thereafter of a judgment, inter alia, declaring that the renewal lease agreement is not void based upon mutual [*3]mistake or unilateral mistake (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court